## WILLIAM H. FERGUSON

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

INTOXICATING LIQUORS—*complaints for selling not required to be made on oath before justice of the peace.* In prosecutions before justices of the peace under the 9th section of the act of January 13th, 1872, to provide against the evils resulting from the sale of intoxicating liquors, it is not necessary that there should be a complaint made under oath.

APPEAL from the Circuit Court of Mercer county; the Hon. GEORGE W. PLEASANTS, Judge, presiding.

Mr. I. N. BASSETT, for the appellant.

Messrs. PEPPER & WILSON, for the appellee.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

The only question appellant presents on this record is, whether, in a prosecution before a justice of the peace, under the 9th section of the act of the 13th day of January, 1872, entitled "An act to provide against the evils resulting from the sale of intoxicating liquors in this State," it must be based on a complaint under oath. That section provides that the penalty and imprisonment mentioned in the sixth section may be enforced by indictment in any court of record having criminal jurisdiction; and all pecuniary fines or penalties provided for in any of the sections of the act except the fourth and fifth, may be enforced and prosecuted for before any justice of the peace of the proper county, in an action of debt, in the name of The People of the State of Illinois, as plaintiff, etc.

This was a prosecution, under the second section of the act, for selling intoxicating liquors to drunken persons, or persons in the habit of getting intoxicated.

A trial was had before the justice of the peace, resulting in a conviction and judgment of $200 and costs. The case was

removed, by appeal, to the county court, where a motion was made to dismiss for want of a complaint in writing, and under oath. The prosecution filed a written complaint, not under oath, and the motion was overruled; and on a trial a recovery was had, and judgment rendered for $170 and costs. The case was appealed to the circuit court, and the judgment of the county court was affirmed, and defendant appeals to this court.

The statute does not, in terms, require an information or sworn complaint to be filed before the suit can be commenced. It only authorizes the prosecution and recovery to be by action of debt. We are aware of no authority, English or American, nor have we been referred to any, which requires such a complaint where the action of debt is given by the statute. Our statutes have given the action in numerous cases, either to the people *qui tam* or to the injured party, and yet we have never known a practice requiring such a complaint, to obtain. It has generally been supposed that in such cases, where the requirements of the statute were observed, nothing more need be done to give the justice jurisdiction. As the defendant is only summoned, and not arrested in such cases, no reason is perceived for requiring a sworn complaint.

It is, however, said that in case of assaults and batteries, etc., the statute requires a sworn complaint, and we should therefore presume that it was intended in this prosecution. Why presume it was intended in this action of debt any more than in any other action of debt? We are at a loss to perceive. It would seem to be more reasonable to conclude that, because the action of debt is given, the General Assembly intended it to have all the incidents of an action of debt brought by one person against an other, in a purely civil case, before a justice of the peace, than to suppose they intended to require it to be clothed with the forms of a criminal proceeding not adapted to an action of debt. When the party appears before the justice, he may, if he demands it, have the prosecution ruled by the justice of the peace to file a written statement or account specifying the nature and number of penalties which are

claimed, as he might were it an action of debt by an individual against him.   But a complaint was not necessary to give the justice of the peace jurisdiction.

The judgment must be affirmed.

*Judgment affirmed.*