PHILIP WIEDEMANN

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

INDICTMENT—*for selling liquor to one in the habit of getting intoxicated.* An indictment for selling intoxicating liquor to a person who was in the habit of getting intoxicated, should allege, by proper averments, that the person to whom the liquor was sold was then, at the time of the sale, in the habit of getting intoxicated. It is not enough to aver, generally, that the sale was made to a person "who was in the habit of getting intoxicated."

WRIT OF ERROR to the Circuit Court of Saline county; the Hon. OLIVER A. HARKER, Judge, presiding.

Mr.W. V. CHOISSER, and Mr. R. A. D. WILBANKS, for the plaintiff in error.

Mr. JAMES M. GREGG, State's Attorney, for the People.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This case was an indictment for selling intoxicating liquor to a person who was in the habit of getting intoxicated.

One error assigned is that the circuit court erred in refusing to quash the indictment.

The second count in the indictment, the one upon which defendant was convicted, is as follows : " And the grand jurors aforesaid, chosen, selected and sworn in and for the county of Saline aforesaid, in the name and by the authority of The People of the State of Illinois, upon their oaths aforesaid, do further present, that Philip Wiedemann, on the 1st day of January, in the year of our Lord one thousand eight hundred and seventy-eight, at and in the county of Saline aforesaid, intoxicating liquor to one Richard Chaney, who was in the habit of getting intoxicated, unlawfully did then and there sell, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the said people of the State of Illinois."

The alleged defect in the indictment is, that it fails to aver the time and place when and where Richard Chaney was in the habit of getting intoxicated.

Time, as well as place, ought in general not merely to be mentioned at the beginning of the indictment, but to be repeated to every issuable and triable fact. 1 Bishop's Crim. Proc. § 408 ; 1 Chit. Crim. Law, 219, 222. It was essential, to constitute the offence attempted to be charged, that the person to whom the liquor was sold was, at the time of the sale, in the habit of getting intoxicated. He might at some previous or subsequent time have been in such habit, but not in that habit at the time of the sale. The averment, " who was in the habit of getting intoxicated," is too general and uncertain in respect of time.

At what time was the person in that habit,—then, or at some other time? It would have been in consistency with such averment, that he was at some previous or subsequent time in such habit, but not in such habit at the time of the sale of the liquor. It is not averred with the certainty required in an indictment, that the person to whom the liquor was sold was then, at the time of the sale, in the habit of getting intoxicated.

For this reason the motion to quash the indictment should have been sustained, and the judgment is reversed.

*Judgment reversed.*