Proctor v. The People.

GEORGE H. PROCTOR AND FRANK LOHMAN, JR.

v.

THE PEOPLE OF THE STATE OF ILLINOIS.

*Dram Shops—Sale of Liquor to Minor—Action to Recover a Fine—
Whether a Civil Action—Instruction.*

1. A suit before a Justice of the Peace under Sec. 12 of the Dram Shop
Act, to recover a fine for selling liquor to a minor, is a civil action and not
a criminal prosecution.

2. Upon appeal in such an action the Circuit Court may instruct the
jury that a clear preponderance of evidence is sufficient to authorize a
recovery by the people.

[Opinion filed February 17, 1887.]

IN ERROR to the Circuit Court of Cass County; the Hon.
CYRUS EPLER, Judge, presiding.

Messrs. LEEPER & THATCHER, for plaintiffs in error.

Messrs. R. R. HEWITT, State's Attorney, and GEORGE L.
WARLOW, for appellees.

CONGER, J. This was a prosecution originally commenced

before a Justice of the Peace, to recover a fine for selling intoxicating liquor to a minor, under the provisions of the Dram Shop Act.

The suit was based upon the 12th section of said act, which is as follows: "Any fine or imprisonment mentioned in this act may be enforced by indictment in any court of record having criminal jurisdiction, or the fine above *may be sued for and recovered* before any Justice of the Peace of the proper county, in the name of the people of the State of Illinois, and in case of conviction the offender shall stand committed to the county jail until the judgment and costs are fully paid."

Upon the trial in the Circuit Court, upon the appeal of appellants, the Circuit Court instructed the jury that "a clear preponderance of the evidence was sufficient to authorize the people to recover," and this presents the only question in the case which we deem it necessary to notice.

Appellants insist this instruction was erroneous; that the case was in fact, as well as in theory, a criminal prosecution, and therefore they were entitled to have the jury instructed that the offense charged against them should be proven beyond a reasonable doubt.

The distinction between a criminal prosecution and a civil action to recover a penalty is not always clear nor easily defined, nor is there any general rule by which it can in all cases be determined under which class a particular case falls.

In Ferguson v. The People, 73 Ill. 559, it was held, under the 9th section of the Act of the 13th of January, 1872, that prosecutions before a Justice of the Peace under that section were not criminal.

That section was as follows: "The penalty and imprisonment mentioned in the sixth section of this act may be enforced by indictment in any court of record having criminal jurisdiction, and all pecuniary fines or penalties provided for in any of the sections of this act (except the 4th and 5th) *may be enforced and prosecuted for* before any Justice of the Peace of the proper county, *in an action of debt*, in the name of the people of the State of Illinois, as plaintiff, and in case of conviction the offender shall stand committed to the common jail

until the judgment and costs are fully paid." * * * It will be noticed that the principal difference in the language of this section and the present law is, the words, " in an action of debt, " are omitted from the present law, and the words, " may be sued for and recovered," are substituted in the present law for the words, " may be enforced and prosecuted for," in the Act of 1872.

Appellants insist that the Legislature, by the omission of the words, "in an action of debt, " from the present law, intended to make all suits before a Justice of the Peace for the penalty a criminal prosecution.

If this were the only charge made there would be force in the suggestion, but when the words, "may be enforced and prosecuted for," are omitted and their place is supplied with the significant expression, "may be sued for and recovered," we think the Legislature meant to declare that the fines and penalties to be recovered before a Justice of the Peace under the section under consideration were to be so recovered by a civil action, and not by a criminal prosecution, and hence the expression, "in an action of debt," was no longer required to make the meaning clear, and was omitted in the revision.

The judgment of the Circuit Court will be affirmed.

*Judgment affirmed.*