Birr v. The People.

*Reversed and remanded.*

---

## HERMAN BIRR

### v.

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Sale of Liquors to Habitual Drunkard—Indictment—Instructions.*

1. In a prosecution for making sales of intoxicating liquors to a person in the habit of getting intoxicated, it is error to instruct the jury that a man who gets intoxicated from three to five times in two years is a person who is in the habit of getting intoxicated.

2. There is no rule of law fixing the number of times a person must become intoxicated within a stated period in order to constitute him "a person in the habit of getting intoxicated." It must be shown that he has been frequently intoxicated, and has thereby acquired an involuntary tendency to become so, and that, at the time of the sale complained of, he is in the habit of getting intoxicated.

[Opinion filed December 9, 1887.]

APPEAL from the County Court of Kankakee County; the Hon. THOMAS S. SAWYER, Judge, presiding.

Compare the preceding case of *Kamman* v. *People*.

Messrs. BARNUM, RUBENS & AMES, for appellant.

Mr. H. L. RICHARDSON, State's Attorney, for appellee.

BAKER, J. Herman Birr was tried in the County Court of Kankakee County upon an indictment which contained three counts charging him with making sales of intoxicating liquors to Herman Tracy, a person in the habit of getting intoxicated. He was acquitted upon all of the counts except the first, and upon that he was convicted and judgment rendered against him for a fine of $30 and for costs.

At the request of the prosecution the court instructed the jury that "when a man gets intoxicated from three to five times in two years he is a person in the habit of getting intoxicated, and you should so find." This instruction was very clearly erroneous. There is no rule of law fixing the number of times a person must become intoxicated within a stated period in order to constitute him or her "a person in the habit of getting intoxicated." The only rule the law prescribes in that regard is this, that it must be shown and that it is sufficient to show, that the person claimed to be "a person in the habit of getting intoxicated" has been frequently intoxicated, and has thereby acquired an involuntary tendency to become intoxicated. Murphy v. The People, 90 Ill. 59. The law goes no farther than this; and it then becomes a question of fact for the jury, to be determined from the

evidence, whether or not such person is "a person in the habit of getting intoxicated. True it is, that in *Murphy* v. *The People* the evidence was Leahy had been drunk from three to five times within two years, and from such evidence the jury found as a fact that he was in the habit of getting intoxicated, and that the Supreme Court refused to disturb the verdict. But in so doing the court was merely considering the matter from an evidential point of view, and held that from the evidence they were unable to say the jury was unauthorized to find that Leahy was in the habit of getting intoxicated.

The fourth instruction for the prosecution was ambiguous, inaccurate and misleading. It is essential to the statutory offense in question that the person to whom the liquor is sold is, at the time of the sale, in the habit of getting intoxicated. Weidemann v. The People, 92 Ill. 314. Under the instruction, as we understand it, the jury might have found the defendant guilty of the offense charged, even if the evidence was that Tracy had contracted the habit of becoming intoxicated a year or more after the defendant made any sales of intoxicating liquors to him.

For the errors in the instructions the judgment is reversed, and the cause remanded.

*Reversed and remanded.*