Elliott v. Knight.

---

## George W. Elliott v. W. A. Knight, Adm'r, etc.

1. PARTIES—*Amendments as to.*—Our statute recognizes the rule that an action should be brought by the party in whom is the legal right, but allows amendments in cases of mistake by substituting the party legally entitled, without limitation as to the time when his right accrued.

2. RENT—*Action for, Between Co-tenants.*—The rule that an action between co-tenants will not lie for rent does not apply where there is a contract to pay rent.

3. RECOVERY—*In Excess of the Amount Indorsed on the Summons.*—A recovery for an amount greater than the sum indorsed on the summons is lawful where the excess is for interest accrued since the commencement of the suit.

**Action for Rent.**—Appeal from the Circuit Court of Christian County; the Hon. JACOB FOUKE, Judge, presiding. Heard in this court at the May term, 1895. Affirmed. Opinion filed December 6, 1895.

J. E. HOGAN and J. L. DRENNAN, attorneys for appellant.

JAMES M. TAYLOR and JAMES B. ABRAMS, attorneys for appellee.

MR. PRESIDING JUSTICE PLEASANTS DELIVERED THE OPINION OF THE COURT.

This action was commenced before a justice of the peace against appellant for rent of an undivided interest of the deceased in certain land. The case was tried on appeal without a jury and judgment rendered for the plaintiff for $177.59 on January 3, 1895. The summons, with the name of William A. Knight as plaintiff, and $171.90 indorsed as the amount demanded, was issued August 18, 1894, and the trial was had, after several continuances by agreement, on the 17th of September following. In the mean time, on the 15th of September, letters of administration on the estate of the deceased, who died April 20, 1894, and was at that time the wife of said William A. Knight, were duly granted to him; and when the cause was called for trial the summons, on his motion, was amended by inserting after his name the words "administrator of Frances Knight, deceased."

It appears that the deceased and John B. Wood owned the land in unequal undivided interests. On the 28th of January, 1890, her guardian, as such, executed to Wood a lease of her interest from March 1, 1890, to March 1, 1894, for $3.25 per acre per annum, payable in two equal installments of $52.10 on the 1st of September and January respectively during the term, with interest at the rate of eight per cent per annum after due until paid. Wood paid the rent for the first year and then sold all his interest, leasehold and other, to the appellant, but without assigning the lease, and moved away. Appellant paid whatever was thereafter paid, on account of the rent, to the guardian until his ward became of age and he was discharged, which was

in October, 1893. In that month she intermarried with appellee, and thereupon they joined in a quit-claim deed to appellant of her interest in the land, but with an express and very careful reservation of her right to the rent according to the lease. Mr. Whaley occupied the land for a year and a half or more next before the expiration of the term, in what character was not positively shown, but presumably under appellant, who paid to the guardian the entire rent due for the second year, and to appellee the installment due September 1, 1893. To both he expressly acknowledged his obligation to pay the rent required, and as required by the lease, and he himself wrote on it the indorsement of the payment last made.

It was testified that three of the installments, with all the interest thereon, remained unpaid, being those due respectively on September 1, 1892, January 1, 1893, and January 1, 1894. The guardian testified to all that were received by him, which were also shown by his verified report in evidence, and appellee to the only one paid to him. This evidence rebuts any presumption of the payment of those due earlier that might otherwise arise from the payment of any due later.

Appellant offered no evidence on his behalf, but insists on several alleged errors as requiring a reversal of the judgment.

First, in the allowance of the amendment of the summons, by substituting as plaintiff a party not in being when the suit was commenced. Reliance is had upon a quotation from Bouvier's Law Dictionary, made by the court in Parker v. Easlow, 102 Ill., on p. 276, as follows: "By this phrase (cause of action) is understood the right to bring an action, which implies that there is some person in existence who can assert, and also a person who can lawfully be sued. * * * There is no cause of action until the claimant can legally sue." The case was a suit upon a note given in compromise and settlement of a claim for personal injury. An instruction was given for the plaintiff upon the hypothesis, among others, that he in good faith supposed he had "a cause of action," and the court was answering an objection that it did not say a good cause of action, which it

held to be untenable. There was no question as to the person of the plaintiff, nor any reference, or occasion for reference to our practice act, authorizing amendments. The rule unquestionably is that suit should be brought by the party in whom is the legal right. Our statute recognizes it, but allows amendment, in case of mistake, by substituting the party legally entitled, without limitation as to the time when his right accrued. In a later case, where the action was brought by the assignee of a life policy, beneficially interested, in her own right, and the judgment was reversed for want of legal right to sue, letters of administration were issued after remandment, and judgment in favor of such administrator, substituted as plaintiff by amendment, was affirmed upon the authority of the statute. U. S. Ins. Co. v. Ludwig, 108 Ill. 514. This seems decisive of the question here made.

Second, that the deceased and the appellant were co-tenants, and therefore as between them or their representatives an action in debt or assumpsit, for rent, would not lie. Without conceding that these parties were co-tenants, we hold that the facts stated and proved would bring this case within the well established exception. They clearly show a contract to pay rent. Boley v. Barutio, 120 Ill. 192.

Third, that the amount of the judgment exceeded that of the demand indorsed on the summons. But the excess is less than the interest accrued after suit brought, and its recovery was therefore allowable. Welch v. Karstens, 60 Ill. 118.

Neither of these alleged errors touches the merits of the case.

Judgment affirmed.