### John H. Hays v. The People of the State of Illinois.

1. SUMMONS—*when amendment of, properly permitted.* It is within the power of the court to permit a summons which recited that the action was for "a fine for the illegal sale of liquor," to be amended so that it charges the defendant with selling intoxicating liquor to minors.

2. AMENDMENT—*power of Circuit Court to permit, of proceedings taken before justice.* It is within the power of the Circuit Court upon appeal to permit amendments of proceedings had before the justice of the peace who issued the original summons in the case.

3. INSTRUCTION—*when giving of, containing abstract proposition of law, not reversible error.* The giving of an instruction containing an abstract proposition of law, is not alone cause for reversal, unless the court can say upon a consideration of the whole case that the giving of such instruction operated prejudicially.

Prosecution under Dram-Shop Act. Appeal from the Circuit Court of Fulton County; the Hon. G. W. THOMPSON, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed June 8, 1906.

HARDIN W. MASTERS and THOMAS D. MASTERS for appellant.

WILLIAM S. JEWELL, State's Attorney, and HARRY M. WAGGONER, for-appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Suit was brought by appellee against John H. Hays, the appellant, under sections 6 and 12 of chapter 43 of the Revised Statutes of Illinois, which provide that whoever, by himself, or his servant, shall sell intoxicating liquor to

any minor, without the written order of his parent, guardian, or family physician, shall, for each offense, be fined not less than twenty dollars nor more than one hundred dollars, or imprisoned not less than ten days, etc.; and that any such fine or imprisonment may be enforced by indictment, or the fine may be sued for and recovered before any justice of the peace of the proper county in the name of the People of the State of Illinois.

Upon trial before a justice of the peace appellant was found guilty and fined, whereupon he took an appeal to the Circuit Court of Fulton County where the case was again tried. A verdict was returned finding defendant guilty of selling intoxicating liquor to minors and fixing the amount of the fine to be recovered against him at the sum of $100. Judgment was rendered upon the verdict, whereupon Hays took an appeal to this court.

The first error assigned by appellant relates to the action of the Circuit Court in permitting appellee to amend the summons issued by the justice of the peace. Such summons, when first issued, recited that the action was for "a fine for the illegal sale of liquor," without stating to whom the sale was made or in what manner the sale was illegal. After appellant had taken his appeal to the Circuit Court, that court allowed appellee to amend the summons so that it charged appellant with selling intoxicating liquor to the following named minors: George Mann, John Mann, Sidney Fitch, Hardy Fitch and Jack Dickson.

The People have a choice of two remedies under the law above referred to; they may prefer an indictment in a court of record or may sue before a justice of the peace to recover a fine or fines. If suit be brought before a justice of the peace, it is a civil proceeding and is governed by the rules applicable to civil suits. That no complaint is required in such cases has been expressly determined in the case of Ferguson v. The People, 73 Ill. 559. In that case it was also held that under section 12, as it then read, the action, when suit was brought before a justice of the peace, was an action of debt. Said section 12, as it now reads,

was before this court in Proctor et al. v. The People, 24 Ill. App. 599, where it was held that a suit before a justice of the peace to recover a fine for selling intoxicating liquor to a minor was a civil action and not a criminal prosecution, and that a clear preponderance of the evidence was sufficient to authorize a recovery. The rule so announced is not in conflict with the cases cited by appellant, Myers v. The People, 67 Ill. 503, and Wiedemann v. The People, 92 Ill. 314, the former of which was an *information* in the County Court, and the latter an *indictment* in the Circuit Court.

Upon return day appellant appeared before the justice of the peace and in writing waived a jury and went to trial without objection to the form of the summons. His objection was made for the first time in the Circuit Court after the case had once been tried, and by that means he had been fully informed of appellee's claim. Appellant could not have been taken by surprise in any way or deprived of any substantial right by the action of the Circuit Court in permitting the summons to be amended.

The proceeding being a civil suit, the trial court committed no error in allowing the amendment made, especially since appellant could not have been, in any way, prejudiced by such action. Nor is there any force in the claim that the motion to amend should have been made before the justice of the peace, as the Circuit Court has power to permit an amendment of the summons on an appeal from a justice of the peace to that court. Moss v. Flint, 13 Ill. 570; Elliott v. Knight, 64 Ill. App. 87.

Appellant next contends that the evidence does not support the verdict, but a careful review of the testimony satisfies us that the jury were fully warranted in returning the verdict they did. Six witnesses, all of whom were minors, testified in very positive terms to the sale of intoxicating liquor by appellant, or those in his employ, to boys who ranged from sixteen to twenty years of age. Sidney Fitch, sixteen years old, testified that he bought intoxicating liquor about five times from Hays himself and from his

bar-tender three or four times beside; and that he was in the habit of buying liquor at appellant's saloon.

George Mann testified that he, while a minor, and during the period of time covered by the testimony of Sidney Fitch, bought liquor of appellant's bar-tender as many as ten times and saw other minors also buy at the same time. Testimony of the same import was given by Hardy Fitch, John Mann, Jack Dickson and Thomas Dickson.

It is true that Hays, the appellant, and his bar-tender, Alpha McGee, deny in the most positive terms ever having made the sales testified to by the witnesses for the People, and that in some respects the testimony of some of the boys was contradicted by two or three other witnesses, yet the evidence in the case, taken as a whole, seems to warrant the verdict the jury returned. No motive was shown upon the trial why the boys should have wilfully testified falsely and nothing in the record suggests any sufficient reason for doubting their testimony. The jurors believed what they said, and we cannot disturb their verdict upon the ground that it was not warranted by the evidence.

Appellant next contends that the evidence is to the effect that the minors bought only "beer" from appellant and that there is no testimony to show that "beer" was intoxicating and argues that since there is no evidence in the case that appellant sold the witnesses for the People *intoxicating* liquor that the verdict was unwarranted. The abstract of the evidence, however, shows that in every instance, upon the examination in chief of the witnesses who testified to sales of liquor, that such witnesses said that the liquors sold were *intoxicating* liquors. It may be true, as contended by appellant, that the questions were so framed by the attorney for appellee that the answer was given as the conclusion of the witness upon that subject; but that is an objection that cannot be availed of by appellant at this time. If objection had been made at the time, that the questions put were leading and suggestive, it is altogether likely that different questions would have been stated which would have enabled the witness to state in his

own way what liquor he got and what its nature or character was. The abstract, however, does not show that any objection was made by appellant to the question and he is now in no position to urge that the testimony, as abstracted, was incompetent.

Appellant also assigns as error the giving of instruction number four for appellee, which told the jury that although they might believe from the evidence that the defendant had a license to keep a dram-shop, yet such license would not authorize him to sell intoxicating liquor to a minor, etc., and contends that as it announced a mere abstract proposition of law it should have been refused as argumentative or misleading.

The giving of instructions which state mere abstract propositions of law should be avoided as serving no useful purpose and as often tending to confuse or mislead the jury as to the exact issues in dispute, yet the giving of such an instruction is not alone cause for reversal, unless the court can say, upon a consideration of the whole case, that the result above suggested can be reasonably said to have followed the giving of such instruction. We are fully satisfied that the instruction complained of did not prejudice appellant in the trial of the cause.

The judgment in this case was right and is affirmed.

*Affirmed.*