RESLER (SHEEHEE v.).    See Case No. 12,-739.

RESLER (WISE v.).    See Case No. 17,911.

---

## Case No. 11,709.

### The RESOLUTION.

[2 Gall. 47.] [2]

Circuit Court, D. Massachusetts.    May Term, 1814.

FORFEITURE—COASTING LICENSE—SMUGGLING.

If a vessel licensed for the coasting trade engage in smuggling foreign goods, she is for-

[1] [Reported by John Lathrop, Esq., and here reprinted by permission.]
[2] [Reported by John Gallison, Esq.]

feited under the thirty-second section of the coasting act of February 18, 1793, c. 8 [1 Stat. 305]. See The Eliza [Case No. 4,346].

[Appeal from the district court of the United States for the district of Massachusetts.]

This was the case of a vessel licensed for the coasting trade, and seized for an alleged forfeiture. The information contained three counts; the first, for an illegal taking on board of prohibited goods with intent to import the same into the United States, contrary to the sixth section of the non-importation act of March 1, 1809, c. 91 [2 Story, Laws 1114; 2 Stat. 528, c. 24]; the second, for unlading goods to the value of $400 and upwards in the night time without a special license, contrary to the fiftieth section of the collection act of March 2, 1799, c. 128 [1 Story, Laws, 573; 1 Stat. 627, c. 22]; the third for being concerned in a trade other than that, for which the schooner was licensed, contrary to the thirty-second section of the coasting act of February 18, 1793, c. 8 [supra].

G. Blake, Dist. Atty., for the United States. J. E. Smith, for claimant.

STORY, Circuit Justice. I will not take up time in considering the evidence in this case. There is the most plenary proof, that the vessel [Resolution, Bacon, claimant] was engaged in a smuggling trade under circumstances admitting of no apology; and there is no doubt that the goods were of British manufacture, and greatly exceeded the value of $400. I do not think it material to consider, how far, in point of fact, the allegations of the first and second counts are supported, because, in my judgment, the decision of this cause may well rest on the third count. It is contended, that the vessel being duly licensed for the coasting trade, a traffic in smuggled goods is not within the thirty-second section of the coasting act. This argument is utterly untenable. A vessel licensed for the coasting trade cannot, without manifest absurdity, be supposed to be authorized thereby to carry on an illegal traffic. Such a construction would overturn the whole revenue system, and license every species of fraud. It is very clear, that a coasting vessel engaged in an illegal traffic, is employed in a trade, other than that, for which she is licensed, and consequently liable to condemnation.

I affirm the decree of the district court with costs.

---

RESOLUTION, The (MILLER v.). See Case No. 9,588.

RESSLER (WISE v.). See Case No. 17,912.

RESTLESS, The. See Case No. 2,775.

RETTEW (BARNES v.). See Case No. 1,019.

REUHLE, In re. See Case No. 12,113.