Mr Justice M’Lean
 

 delivered the opinion of the Court.
 

 This case was brought into this .court, by an appeal from the circuit court of Maryland.
 

 •The appellants, by the attorney of the United States, filed in the district court of Maryland, an information on the 1st of Qctober 1832, for the purpose of enforcing a forfeiture of the Brig Burdett, her tackle, apparel and furriture’, to the use of the United States; on the ground, that the brig, though re.gistered as a vessel'of the United States, was then, and still is, owned in whole or in,part,.by a subject of a foreign prince, viz. by a certain J. J. Carrera or a certain J. Carrera,-a subject of the king of Spain, and resident abroad ; which ownership was known to the persons owning or pretending to own the whole or a part of the brig, in violation of the act of congress, &c.
 

 The vessel having been attached, a claim was filed by George G. Steever, in which he alleged that the brig was originally built in the state.of North Carolina, and purchased by him of the original owner in May 1831, and thereupon registered in his name, as sole owner, he being a citizen of the United States ;• and denied that the brig was, at the time she was registered, or at any time since, owned in whole or in part by. Carrera, or by any other, subject of any foreign prince or state. The claimant also averred, that at the time of obtaining her registry, the vessel was, and ever since had been, his sole property.
 

 
 *684
 
 The vessel having been appraised at 6000 dollars, and .security having been given by .the claimant to abide by the 'final order of the court, she was .restored to him.
 

 On the hearing of the cause, the testimony and depositions of several witnesses were introduced,.and.much documentary eyidence offered on the part of the United. States.
 

 Several letters, proved to be in the handwriting, of J,. J. Carrera, were offered in evidence on the part of the United States, to. the reading of which the..counsel for the claimant objected, on the ground that Carrera was not a party to the case, which objection was.sustained by the court.
 

 The district court dismissed the information, and that decree, on appeal, was affirmed by the circuit court.
 

 • In the argument the counsel for the appellants take two groundsj on which .they contend the decree of the circuit court should be reversed.
 

 1; That the letters of Carrera were improperly rejected. He was shown, by all the witnesses to be the accredited agent of the claimant, and his letters were, moreover, a material part of the res gestae.
 

 2.
 
 The eyidénce- shows that the chief, if not the sole ownership of the brig, was in Carrera,
 

 Much reliance is placed on .the testimony'of Chester and Cox, two of the witnesses, to establish not only the agency of' Carrera, but other matters material in the case. The former states that he lived three years in the house of Joseph Carrera, preceding the last of June 1832. He was there during the whole of the operations of the Burdett at Havana. He states that Steever sent an order to colonel Tenant, of Baltimore, to purchase for him a vessel, which was to be sent to him at Havana, and if he was absent, to the house of Carrera-; in which the witness was a partner to a limited extent. In obedience to this order the Burdett was sent, consigned to the house of. Carrera, in the absence of Steever, who had left the Havana 9. few days, before the arrival of the vessel, under the command of Captain Nabb. He frequently conversed with Joseph Car-rera, and his nephew J. J. Carrera, respecting the Burdett, and , never heard either of them assert any ownership or interest in the vessel. Carrera was made the ship’s husband, and had positive ordérs from Steever, in his absence, to do with her as
 
 *685
 
 she were his own, and to employ her on advantage. When Steever was near enough to communicate, gave positive and specific orders. Witness has often seen letters on, the subject.
 

 The vessel performed several voyages under the , orders of ; and after her return from New York, having been on ' once or twice, some repairs Were made under the direc-of captain Nabb, which Carrera was apprehensive might be sanctioned by Steever.
 

 The witness thinks about 11,500 dollars, at six and eight , credit, were paid for the vessel.
 

 Richard G. Cox states, that he.is a clerk of colonel Tenant’s, and conducts all his business; and that the Burdett purchased by colonel Tenant on, the order of Steever, was then at the Havana, and the vessel was sent there subject to his order, and in his absence to Carrera. Before arrival of .the vessel Stéever had sailed for Boston, and when be returned, being informed of the purchase, he paid colonel Tenant Í100 dollars in part of the purchase money. vessel, including equipments, cost about 13,000' dollars. rest of the purchase money was paid by the house of Joseph Carrera. The witness has had correspondence with Carrera.respecting the vessel, and has insured her by orders from Carrera on account of Steever. He has seen, the correspondence with the house of Carrera, and has never heard or seen any thing which goes to show that the Carreras had any interest in the vessel, or that Steever was not the owner.
 

 William W, Russel, a merchant of the city of New York, states, that he was consignee of the brig Burdett, in December 1831,' at which time Nabb was master. The vessel came from Havana and Matanzas under orders from Joseph Carrera, with whom the witness corresponded respecting said vessel. The witness understood from the letter of the 15th of November 1831, brought by her to him, that she was owned by G1 G. Steever of Baltimore. Witness accounted with Joseph Carrera for the freight of the brig, but he has no knowledge that Car-rera has any interest in her.
 

 In a letter from Joseph Carrera to Russel, the above con-. signee, dated the 15th of November .1831, he says,
 
 “
 
 I have requested captain Nabb to value on your good self on his
 
 arrival;
 
 
 *686
 
 and I beg leave to solicit your attention in procuring a good return freight to Havana for that vessel, as well as passengers, &c. And on reference to. Mr Steever’s instructions, who, I presume, will have left Baltimore.for Mexico, captain Nabb-is authorised to take a voyage to Europe, &c. Of a voyage to Europe Mr Steever’s instructions are constructive as regards the benefit to be derived from it. Whatever may be the destination of the Burdett from your port, I beg to request that you_ will advise colonel Tenant, ifi the absence of Mr Sleever, to have insurance effected on the brig.” And again: “ my control oven this vessel is limited to give her employment, and to ad- . dress her tó my friends, wherever she may be found; but where the owner can Himself attend to her concerns, if he,be so disposed, I shall feel obliged to you by transferring her to-him.”'
 

 Another letter signed by both the Carreras, dated Havana, . the 11th of January 1832, to Mr Russel, says, “ I much.regret that the prospect of procuring a.full-freight for this vessel, for this port, was not encouraging, &c. I rely, however, on your friendly exertions to give her the' best employment,” $x.
 

 And in another.letter, dated the 24th'of January 1832, to Mr Russel, it is stated, “ I have the pleasure of handing duplicates of my respects of the 11th current, and to own receipt of your regardea ravours of the 27th'and 30th ultimo and 11th instant; "this last jidvising, that you intended to despatch the Burdett for this port, &c. I feel confident you have used your utmost exertion in -giving.to this vessel the best, employment,’^ &c.
 

 And in a letter from the same person to the same, dated the 8 th of February 1832 : “the Burdett arrived on the. 30 th, jn eleven days’-passage. All the accounts relating to her will be examined and booked in conformity. I have not, as yet, determined on the direction to give the Burdett.”
 

 Mr Russel wrote to Joseph Carrera, dated New York, December 31st 1831, “ I acknowledge the receipt of your esteemed favour of the 12th ultimo, handed me by captain Nabb of the Burdett, which vessel arrived on the 12th, after having been off the coast for seven days, and suffering some slight -injury in her upper works. The extent of the damage will, I presume, however, not amount to a claim on the underwriters, but1 should It prove otherwise, the necessary documents will
 
 *687
 
 be forwarded to colonel Tenant, in order that he may claim them.
 

 “ I have to return you my thanks for the favour done me in the consignment of this vessel, which, however, will be promptly surrendered to Mr Steever, should he be iii this coun-. try, and be desirous of giving his personal attention to her concerns,”'&c.
 

 >• Another letter,' dated New York, 27th December 1831, from the same to the same, states exertions used to procure a full freight for the Burdett. And .there is contained in the record several other letters from Mr Russel to J. Carrera, dated at New York, in January T832, all of which relate to the freight of the Burdett.
 

 Certain letters from J. J. Carrera to captain Nabb, numbered in the record 1, 2, 3 and 4, were offered in evidence by the district attorney, and were .objected to by the claimant.
 

 The letter numbered 1, is dated at Havana, November 15th 1831, and contains particular instructions to captain Nabb, as to the voyage of the Burdett', the consignee in New York, and the subsequent employment of the vessel after the discharge of her cargo.
 

 The letter numbered 2, and dated Havana, 26th November 1831, is of the same import.
 

 Letter numbered 3,. is dated Havana, 12th May 1832, in which Carrera says, “ Your letters of the. 13th and 23d April last have been received, and am sorry to hear of the damage the Burdett has experienced in a tremendous gale , of wind near the Bermudas. The certificate of survey, as well as the estimate of repairs to be made on the Burdett, has been received : the amount of repairs is enormous, but we must conform to it, if there should be no other remedy. - No doubt the underwriters will have to reimburse the amount. I wrote to colonel Tenant a few days ago, authorizing him to arrange the business of the Burdett as well as he can, and for the best of my interest. I entreat you to consult him on the business, and do for the best. The expenses and repairs are heavy, and surpass my expectations. Mr Tenant has been authorized by me to pay the amount required to fit out the vessel; but. if he thinks best to sell my four hundred boxes of sugar, he is at liberty to do so, for they are insured at Baltimore.
 

 
 *688
 
 In letter .numbered .4, and dated at,.Havana, 28th June 1832, Mr Carrera says, “l am ín receipt of your valued favours of the 1st, 11th and 21st May last, by which you inform me of the last survey held on the brig Burdett, and that she was condemned and to be sold at public
 
 auction;
 
 but, at the request of our friend, colonel Tenant, the sale of the.said vessel was postponed, and that the said Tenant had sent two gentlemen, in order to have a private survey, &c.
 

 “I am imwmed that the Burdett’s cargo for Hamburg had been shipped on board the brig John ; this vessel having been chartered by yourself, with the approbation ofMr Tenant, and that she was to sail, &c.
 

 “By this timé, I presume, you have seen Mr Steever, and hope this friend will have succeeded in his claim against, the underwriters for a partial or a total loss on said vessel.
 

 “ I beg of you to do all in your power, that we may be able to collect what is ao justly due to the interested in that vessel.”
 

 And the district attorney offered to read , other letters from Carrera to captain. Nabb, numbered oh the record 5 and 6, if the claimant would withdraw his objections to the above letters being read as evidence ; but the objections were not withdrawn, and the same were sustained by the court.
 

 The first- question for the consideration of the court is, whether the above letters were properly rejected by'the court below. It is objected that these letters contain but a part of the correspondence on the samé subject, and that the non production of the whole, is unaccounted for.
 

 The letters referred to were addressed by Carrera to captain Nabb, and it may be that some of the letters written by , him, and also by Carrera in relation to the same matter,' are not. produced..- As this correspondence is not in the possession of the'plaintiffs, it is impossible for the district attorney to produce it.
 

 If Carrera were to be treated as a mere agent, he might . have been examined as á witness, and,compelled to produce or swear to any letters in. his possession, which have a bearing on the ownership of the vessel. But the forfeiture is attempted to be enforced on the g-ound that this same person is the owner of the vessel, in whole or in part.
 

 In this view, he would be required to swear in a matter
 
 *689
 
 which concerns his own interest; as his oath, if received, would go directly to establish or to refute ,the important point of own-' ership of the vessel. It was for this reason, .it is presumable, that Carrera was not examined as.a witness.
 

 So far as the proof of acts done within the scope of his agency may be essential, it may be made by other evidence than his own oath..
 

 . The proof of Carrera’s agency; in. reference to the Burdett, is clear; and to consider him in this light, is the.most favour-abkjview for the claimant which can be taken of-the case.
 

 Carrera must have acted as agent or as principal, in regard to this vessel. He planned her voyages, gave directions as to her freight, appointed consignees, and paid for the repairs of the vessel. That he did these things as the agent of the claimant, is the only ground on which his fight can be sustained-; for if Carrera acted in any other capacity, it must be • fatal to the claim of Steever.
 

 Under the circumstances of the case, it does not seem that the objection, on the ground that all the correspondence was not produced, should have been sustained by the court. If the letters offered contained facts which were competent .evidence in the case, the principal could not object; because the correspondence referred to, was either in his possession, or-the possession. of his agent.
 

 But it is insisted, if the whole of the correspondence were produced; it would be inadmissible, because Carrera is no party in the case.
 

 The confessions of an agent are not evidence to bind his principal; nor is his subsequent account of a transaction to his principal, evidence. But his acts, within the scope of his powers, are obligatory upon his principal, and those acts may be proved in the same manner as if done by the principal. The agent, acting within his authority, is substituted for the principal in every respect; and his statements, .which form a part of the res gestae, may be proved.
 

 But it is not material to decide the point raised on the rejection of these letters. They may be considered as a part of the record, and as presenting all the facts which they contain, in - connection with the other facts in the - case, for the consideration of the court-. And if on this broad view of the merits, the
 
 *690
 
 prosecution-shall not be sustained, it will become wholly un- . necessary to determine any question as to the admissibility of evidence.
 

 The object of the prosecution against the Burdett is to enforce a forfeiture of the vessel, and all that pertains to it, for a violation of a revenue.law. This prosecution then is a highly penal one, and the penalty should not bé inflicted, unless the infractions of the law shall be established beyond reasonable doubt.
 

 That frauds are frequently practised under the revenue laws ■ cannot be doubted; and that individuals who practise these frauds are exceedingly ingenious in resorting to various subterfuges to avoid detection, is equally notorious. But such acts cannot alter the established rules of evidence; which have been adopted, as well with reference to the protection of the innocent, as the punishment of\the guilty.
 

 , A view of the evidence in this.case, including the rejected letters, must create a suspicion of fraud in the mind of every one who reads it with attention. Steever went to the Havana, as supercargo of a vessel owned by colonel Tenant. His means were limited. While at the Havana, he wrote to colonel Tenant to purchase for him a vessel; and the Burdett was purchased, and sailed for Havana with a letter to Steever, which, in his absence, was to be opened by Carrera. Steever being absent, the letter was opened by Carrera; who, from that time to the commencement of this prosecution, gave all necessary directions respecting the Burdett; with, as it would, seem from the evidence, little or no interference by Steever. And in addition to this, with the exception of 11.00 dollars, it appears the Burdett was paid for by the house of Carrera.
 

 These facts, and others which are on the record, do autho-rise. a suspicion that the vessel was purchased in the name of Steever, for the benefit of Carrera. And we think, that the proceeding instituted by the district attorney, in this case, was justified from the facts which have been developed.
 

 ' But the inquiry now is, not whether the prosecution was properly instituted, but whether the evidence makes, out a forfeiture, in such terms as to require its enforcement by the court. . 1
 

 ' Admitting the facts which have been stated, ás creating suspicion, are they conclusive ! It appears that the vessel was
 
 *691
 
 purcnased by the order of Steever, and that she was despatched to the Havana, subject to his order.' That he made, the first payment of 1100 dollars,-and that he-constituted Carrera his-agent to control the vessel, in every respect, as if she were his own, in the absence of. Steever. And' that- in-many of the letters of Carrerá, ¡espéctíhg the vessel, her destination', her freight, or her repairs, that he referred to Steever as her owner and instructed the consignee- and other agents to apply to Steever for direction, if he were in the United States. • That in all these cases, Carrera-professed to act in subordination to the instructions of his principal.
 

 The vessel was entered in-thfe name of Steever, and she was insured as his property. And as- to the instructions given by Carrera, and the payments of money by him, not only on the contract of purchase, but also .for- repairing the vessel; they are not at all inconsistent with the allegations of the claimant.
 

 If Carrera acted bona fide as the agent of Steever, lie might, be expected to give tlie instructions he.did give,and, out of the profits of the vessel, make the payments-which lie did make.
 

 It is said that these professions of Carrera, as ;to 1ns agency, &c., were made as a cover to the transaction. This, possibly, may have been his motive; but are not the facts consistent with an innocent motive
 
 1
 
 And if á fair construction of the acts and declarations of an individual do not convict-him-of an offence — if the facts may be all admitted as- proved, and the,accused be innocent; should he be held guilty pf an act which subjects him to the forfeiture of his property,' on mere presumption. He may be guilty, but. he may be innocent. If the scale of evidence does not preponderate against him— if.it hang, upon a-balance, the penalty cannot be enforced. No individuaLshould be punished for a violation of .law which inflicts a forfeiture of property, unless the offence- shall he established beyond reasonable doubt. This is thé rule which' governs a jury, in all criminal prosecutions, alid the rule is no less proper for the government of the court when exercising a maritime jurisdiction.
 

 After a full and mature examination of all the-facts in tins, case, whilst we admit the acts of the claimant are not clear of suspicion; we are forced to the conclusion, that the evidence does not authoring a forfeiture of the .vessel. The decree of the circuit coart is therefore affirmed.