### THE GOOD TEMPLAR.

(District Court, D. Massachusetts. November 7, 1899.)

No. 1,015.

**SHIPPING—PROCEEDING FOR FORFEITURE OF VESSEL — MEASURE OF PROOF REQUIRED.**

A proceeding under Rev. St. § 4377, for the forfeiture of a vessel and cargo for violation of her license by carrying smuggled goods, is a civil suit, and the government is not required to prove the allegations of its libel beyond a reasonable doubt, but by not more than a preponderance of evidence. Whether Rev. St. § 909, is applicable to the case, quære.

Proceeding in admiralty to enforce forfeiture of a vessel engaged in domestic commerce for violation of her license.

Boyd B. Jones, U. S. Atty., and Albert H. Washburn, Asst. U. S. Atty.

Grant M. Palmer, Wm. R. Pattangall, and Frank B. Livingstone, for respondent.

LOWELL, District Judge. This was a proceeding under Rev. St. § 4377, for the forfeiture of the schooner Good Templar and its cargo of fish. If a considerable part of the cargo was known by the claimant to be smuggled, it was conceded that the vessel is liable to forfeiture under that section. The Resolution, 2 Gall. 47, Fed. Cas. No. 11,709. The libelant contended: (1) That, after probable cause had been shown for the prosecution, the burden of proving that the goods were not smuggled lay upon the claimant, by virtue of Rev. St. § 909; and (2) that, if this section was held inapplicable to the case at bar, then the libelant was required to make out its case only by a preponderance of evidence. The claimant, on the other hand, contended that the libelant must prove its case beyond a reasonable doubt.

Upon the view which I take of the evidence, as will hereafter appear, it is not necessary to pass upon the libelant's first contention, but only upon the second, viz. that in this case the libelant, the United States, need prove the allegations of the libel only by a preponderance of evidence, as in civil cases. That a suit to recover a penalty or to enforce a forfeiture is generally a civil suit is well settled. Bish. Cr. Law, § 32; U. S. v. Mann, 1 Gall. 177, Fed. Cas. No. 15,718. The claimant relies upon U. S. v. The Burdett, 9 Pet. 682, where Mr. Justice McLean, in delivering the opinion of the supreme court, said:

"No individual should be punished for a violation of law which inflicts a forfeiture of property, unless the offense shall be established beyond reasonable doubt. This is the rule which governs a jury in all criminal prosecutions, and the rule is no less proper for the government of the court when exercising a maritime jurisdiction."

This apparently specific statement is, however, so modified in Lilienthal's Tobacco v. U. S., 97 U. S. 237, as to deprive it of pretty much all effect. Mr. Justice Clifford there said:

"Nor is there anything in the case of U. S. v. The Burdett, 9 Pet. 682, that is in conflict with these several propositions. Charges of the kind contained in an information ought to be satisfactorily proved; and it is correct to say that, if the scale of evidence hangs in doubt, the verdict should be in favor of the claimant, which is all that was there decided. Jurors in such a case ought to be clearly satisfied that the allegations of the information are true; and when they are so satisfied of the truth of the charge they may render a verdict for the government, even though the proof falls short of what is required in a criminal case prosecuted by indictment."

The expression above quoted was not a mere dictum, inasmuch as in Lilienthal's Tobacco v. U. S. the court had under consideration the correctness of the judge's failure to charge the jury that the property seized was not forfeited unless the matters charged in the information were proved beyond a reasonable doubt. Mr. Justice Clifford also observed that:

"Text writers of the highest authority state that there is a distinction between civil and criminal cases in respect to the degree or quantum of evidence

necessary to justify the jury in finding their verdict. In civil cases their duty is to weigh the evidence carefully, and to find for the party in whose favor it preponderates; but in criminal trials the party accused is entitled to the legal presumption in favor of innocence, which, in doubtful cases, is always sufficient to turn the scale in his favor;" and "authorities to show that the case before the court is a civil case are scarcely necessary, but, if any be needed, they are at hand."

In Coffey v. U. S., 116 U. S. 436, 6 Sup. Ct. 437, it was expressly assumed that upon an information in rem for a violation of the internal revenue laws, proof beyond a reasonable doubt was not required of the United States, but only a preponderance of evidence. In that case the claimant had been tried and acquitted for a breach of the law in question. The judgment which he had obtained in the criminal case he sought to set up as conclusive in his favor in the pending information in rem, and the court sustained his contention. "It is urged," said Mr. Justice Blatchford, in delivering the opinion of the court, "as a reason for not allowing such effect to the judgment, that the acquittal in the criminal case may have taken place because of the rule requiring guilt to be proved beyond a reasonable doubt; and that, on the same evidence, on the question of preponderance of proof, there might be a verdict for the United States in the suit in rem." That the United States need prove its case only by a preponderance of evidence was expressly decided in U. S. v. Brown, Deady, 566, Fed. Cas. No. 14,662. An examination of the facts and of the entire opinions in the three cases last mentioned shows that in none of them was the court dealing with the peculiar rule concerning the burden of proof established by section 909 of the Revised Statutes (even if that section was applicable), but that the judgments and the language of the opinions were based upon general principles of law applicable to suits in rem. The case of Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, contains nothing contrary to what has just been said. See Zucker v. U. S., 161 U. S. 475, 16 Sup. Ct. 641. It follows, therefore, that the United States is required to prove the allegations of the libel only by a preponderance of evidence. It remains to apply this rule to the evidence in the case.

The learned judge then stated the facts as he found them, and ordered a decree of forfeiture against the schooner.