UNITED STATES v. CENTRAL OF GEORGIA RY. CO.

(District Court, N. D. Alabama, S. D.    September 27, 1907.)

1. RAILROADS—SAFETY APPLIANCE ACT—CONSTRUCTION.

The safety appliance act is a remedial statute, and must be so construed as to accomplish the intent of Congress. Johnson v. Southern Pacific Co., 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363.

2. SAME.

The only exceptions to the safety appliance acts were those found in the proviso of section 6 of the act of March 2, 1893 (27 Stat. 532, c. 196), as amended April 1, 1896 (29 Stat. 85, c. 87 [U. S. Comp. St. 1901, p. 3175]), and in section 1 of the act of March 2, 1903 (32 Stat. 943, c. 976 [U. S. Comp. St. Supp. 1907, p. 885]).

3. SAME.

The provisions of section 2 of the original safety appliance act of March 2, 1893 (27 Stat. 531, c. 196 [U. S. Comp. St. 1901, p. 3174]), and section 1 of the act of March 2, 1903 (32 Stat. 943, c. 976 [U. S. Comp. St. Supp. 1907, p. 885]), require that each end of every car must be equipped with a coupler operative in and of itself.

[Ed. Note.—Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

4. PENALTIES—EVIDENCE—WEIGHT AND SUFFICIENCY.

It is incumbent upon the plaintiff to prove its case by a preponderance of the evidence. It need not show the facts constituting a violation beyond a reasonable doubt.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Penalties, §§ 32, 34.]

5. RAILROADS—DEFECTIVE COUPLERS—SAFETY APPLIANCE ACT.

When the evidence shows that one end of a car was not provided with a coupler, but that the other was so provided, and, if the employé was standing on a certain side of the car, he could make the coupling and uncoupling without going between the cars, but could not make this coupling and uncoupling if on the opposite side, this is not a compliance with the law.

(Syllabus by the Court.)

There was verdict of guilty on each count.

O. D. Street, U. S. Atty., and Luther M. Walter, Special Asst. U. S. Atty.

London & London, for defendant.

HUNDLEY, District Judge (charging jury). This is an action brought by the United States to recover the sum of $200 claimed to have been incurred as penalties by the defendant for hauling two cars, which it is alleged did not comply with the requirements of the act of Congress known as the "Federal Safety Appliance Act." This statute was enacted in 1893, and one of its provisions is that it is unlawful to use any car in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of a man going between the ends of the cars. This condition, "without the necessity of men going between the ends of the cars," applies to the act of coupling, as well as to the act of uncoupling. This was the holding of the Supreme Court in the case of Johnson v. Southern Pacific Company, 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363.

This act of Congress is a remedial statute, and it is the duty of the court to so construe its provisions as to accomplish the intent of Congress—to protect the lives and limbs of men engaged in interstate commerce. This intent is shown as well by the title of the act as by its provisions. The title is:

"An act to promote the safety of employees and travelers upon railroads."

The language of the statute is mandatory. The only exception contained in the act is that it shall not apply to trains composed of four-wheel cars or to trains composed of standard logging cars, where the height of such car from top of rail to center of coupling does not exceed 25 inches, or to locomotives used in hauling such trains, when such cars or locomotives are exclusively used for the transportation of logs. It is not claimed, gentlemen of the jury, that either of the two cars sued upon fall within this exception. In order, therefore, for the plaintiff to recover, it is necessary for it to show: First, that the defendant is a common carrier engaged in interstate commerce by railroad. This is admitted. Second. It has been proven in this case, and there is no conflict in the evidence, that both of the cars in question were carrying traffic consigned from a point in one state to a point in another state. This makes such traffic interstate traffic. While the evidence does not show that the defendant hauled the car across the state line, still the defendant is engaged in interstate traffic no matter how short the movement, if the traffic hauled is in course of movement from a point in one state to a point in another. The third fact necessary to bring the defendant within the provisions of the statute is the movement of the cars in a defective condition; that is, without each car being so equipped that the employé could make the coupling or uncoupling of the cars without going between them.

Under our system of jurisprudence, it is within the province of the jury alone to determine the facts in this case. It is my right and duty to instruct you as to the law applicable to these facts. The evidence tends to show that the defendant corporation, while engaged in interstate commerce, hauled two cars, both of which are alleged not to have been equipped with the safety appliances required by the statute. The evidence for the government tends to show that one end of each of said cars was not provided with this automatic coupling device. The result of this condition is that while an employé, if standing on one side of the car which was provided with the device, could make the coupling without going between the cars, yet if he was on the opposite side therefrom the coupling could not be made without going between the cars and taking hold of the coupling pin with the hands. The contention of the defendant is without conceding the facts presented by the government, which are controverted, that, if one end of every car is provided with an automatic coupler, the requirements of the law are complied with. This question, gentlemen, is one of law, and upon which it is my duty to specially charge you. The safety appliance act requires that each coupler on a car be operative in itself, so that an employé will not have to go to another car to couple or uncouple the car in question. The provisions as to coupling and uncoupling apply to the coupler on each end of every car subject to the law. It is wholly immaterial in

what condition was the coupler on the adjacent car or any other car or cars to which each car sued upon was, or was to be, coupled. The equipment on each end of these two cars must be in such condition that whenever called upon for use it can be operated without the necessity of men going between the ends of the cars. This is the plain and unambiguous meaning of the statute. There is conflict in the testimony as given by the witnesses for the government and the defendant, and during the course of the trial it has been developed that the witnesses for the government were especially employed to ferret out and detect such violations of the law as is here alleged. Counsel for the defendant in his argument directs the attention of the jury especially to this phase of the government's testimony, and insists that the jury must consider the testimony of the witnesses for the government with relation to their interest in the case. It is true, gentlemen, that in all trials it is within your province to consider the interests of the witnesses in the subject-matter of the controversy on trial, but this does not authorize you to arbitrarily disregard the testimony of any witness. You must consider the testimony of all the witnesses in the case in connection with all the facts and circumstances in relation thereto, as developed in the trial. The government has a right to employ especial agencies to ferret out and secure testimony to convict those who violate the laws of the land. If this were not true, many would escape the penalties of the law, and go unwhipt of justice. So, too, you may consider the fact that the witnesses who testified for the defendant are in its pay and employment, and yet the defendant could not operate its trains without the employment of such agencies as have testified as witnesses in this case. The burden is upon the government to make out its case to a reasonable certainty—that is, to your reasonable satisfaction—by a preponderance of the evidence. If you find, therefore, from a preponderance of the evidence in this case that the defendant was a common carrier engaged in interstate traffic by railroad, and that it hauled in interstate traffic the cars named in the petition, when said cars were in such condition that, in order to operate the coupling or uncoupling mechanism thereon, it was necessary for an employé to go between the ends of the cars, you will render your verdict for the plaintiff. If you do not so find, you will render your verdict for the defendant.

By the preponderance of the evidence, you are not to understand that the government must make out its case beyond a reasonable doubt. It is sufficient if you are satisfied in your own mind from all the evidence that the defendant did the act complained of.

If you should find for the plaintiff, the form of your verdict must be: "We, the jury, find the defendant guilty." If you should find for the defendant, the form of your verdict must be: "We, the jury, find the defendant not guilty."