ATCHISON, T. & S. F. RY. CO. v. UNITED STATES.

(Circuit Court of Appeals, Seventh Circuit. February 11, 1909. Rehearing Denied May 6, 1909.)

No. 1,490.

ACTION (§ 18*)—NATURE AND FORM—SAFETY APPLIANCE ACT.

A suit by the United States against a railroad company under Safety Appliance Act March 2, 1893, c. 196, § 6, 27 Stat. 532, as amended by Act April 1, 1896, c. 87, 29 Stat. 85 (U. S. Comp. St. 1901, p. 3175), as amended by Act March 2, 1903, c. 976, § 1, 32 Stat. 943 (U. S. Comp. St. Supp. 1907, p. 885), to recover the penalty imposed by section 4 of the act for using a car in interstate commerce that is not provided with secure grab irons, while civil in form, is in effect a criminal prosecution, and the court is without power to direct a verdict against the defendant therein.

[Ed. Note.—For other cases, see Action, Dec. Dig. § 18.*

Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

In Error to the District Court of the United States for the Northern District of Illinois.

The judgment brought here by the writ of error is one adjudging that the United States do have and recover of and from the plaintiff in error the sum of one hundred dollars, with costs; such judgment being based upon the verdict of a jury finding appellant "guilty as charged in the information."

The proceeding was by petition by Edwin W. Sims, United States Attorney, averring that the plaintiff in error was a common carrier engaged in interstate commerce, and that in violation of the act of Congress known as the "Safety Appliance Act," approved March 2, 1893 (27 Stat. 531, c. 196 [U. S. Comp. St. 1901, p. 3174]), as amended by an act approved April 1, 1896 (29 Stat. 85, c. 87), and as amended by an act approved March 2, 1903 (32 Stat. 943, c. 976, § 1 [U. S. Comp. St. Supp. 1907, p. 885]), plaintiff in error on or about June 19, 1907, hauled on its line of railroad a certain car—one regularly used in the movement of interstate traffic, and loaded at the time with steel rails, and hauled in a train containing interstate traffic—such car not being provided with secure grab irons or hand holds, as provided for in said

_____

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

act; to which a plea averring that plaintiff in error did not owe the sum of money demanded, or any part thereof, in manner and form as complained of was filed. A trial followed, resulting in the verdict and judgment above stated.

The verdict was the result of an instruction to the jury (plaintiff in error having asked for no instruction to find for plaintiff in error) as follows: "The court instructs you to find a verdict for the government, and that the defendant, the Atchison, Topeka & Santa Fé Railway Company is guilty as charged in the information. Now you will please have your foreman sign this verdict for all."

Motions were duly entered for a new trial, and in arrest of judgment; upon the overruling of which exceptions were duly taken and preserved.

Robert Dunlap, Lee F. English, and James L. Coleman, for plaintiff in error.

Edwin W. Sims, U. S. Atty., James H. Wilkerson and Philip J. Doherty, for the United States.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges

GROSSCUP, Circuit Judge (after stating the facts as above), delivered the opinion.

The principal question in this case is, Did the Circuit Court err in giving to the jury the peremptory instruction to find the plaintiff in error guilty? And this question turns chiefly upon this further question, Was the prosecution of plaintiff in error by the United States, in the case under review, the prosecution of a criminal offense? For if it be a criminal offense, plaintiff in error was entitled to the verdict of the jury respecting its guilt or innocence—not a verdict in form only, but a verdict expressing the real judgment of the jury; for such is the guaranty of the sixth amendment of the Constitution of the United States, which provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial by an impartial jury of the state and district wherein the crime shall have been committed. U. S. v. Taylor (C. C.) 11 Fed. 470; Starr v. U. S., 153 U. S. 625, 14 Sup. Ct. 919, 38 L. Ed. 841.

The sections of the Safety Appliance Act involved are as follows:

"Sec. 4. That from and after the first day of July, 1895, until otherwise ordered by the Interstate Commerce Commission, it shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grab-irons or hand-holds in the ends and sides of each car for greater security to men in coupling and uncoupling cars."

"Sec. 6. That any such common carrier using any locomotive engine, running any train, or hauling or permitting to be hauled or used on its line any car in violation of any of the provisions of this act, shall be liable to a penalty of $100 for each, and every such violation, to be recovered in a suit or suits to be brought by the United States District Attorney in the District Court of the United States having jurisdiction in the locality where such violation shall have been committed; and it shall be the duty of such District Attorney to bring such suits upon duly verified information being lodged with him of such violation having occurred; and it shall also be the duty of the Interstate Commerce Commission to lodge with the proper District Attorney information of such violation as may come to its knowledge. * * *"

The turning point of the inquiry, as already stated is, Was the prosecution under these sections a criminal prosecution as distinguished from a civil suit to recover a penalty? To begin with, let us eliminate some of the matters cited as criteria of what is a criminal

and what a civil prosecution that are in fact no criteria. The first, and the one evidently most relied upon is, that the act expressly provides that a common carrier violating the provision of the statute shall be liable to a penalty "to be recovered in a suit or suits to be brought by the United States District Attorney in the District Court having jurisdiction"—the gist of the argument being that inasmuch as the statute seems to contemplate the proceedings as a "suit," as distinguished from a criminal prosecution, it is a civil suit and is not a criminal prosecution. But, as said by Mr. Justice Field in U. S. v. Choteau, 102 U. S. 611, 26 L. Ed. 246:

"Admitting that the penalty may be recovered in a civil action, as well as by a criminal prosecution—it is still as a punishment for the infraction of the law. The term 'penalty' involves the idea of punishment, and its character is not changed by the mode in which it is inflicted, whether by a civil action or a criminal prosecution. * * * To hold otherwise would be to sacrifice a great principle to the mere form of procedure."

To like effect is Chaffee v. U. S., 18 Wall. 516, 21 L. Ed. 908, and Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239.

Another criterion urged upon us as showing that the proceeding is civil and not criminal, is the instructions given to juries in certain cases (U. S. v. Central of Georgia R. R. Co. [D. C.] 157 Fed. 893, U. S. v. C., R. I. & P. R. R. Co., by Judge McPherson of the Southern District of Iowa, sitting by assignment in the District Court of the United States for the Western District of Missouri, 173 Fed. ——, and U. S. v. C. Gt. W. R. R. Co., by Judge Reed of the Northern District of Iowa, 162 Fed. 775) that proof beyond a reasonable doubt was not required—decisions that are sound enough, the conclusion being assumed that they are civil and not criminal cases, but that do not go into the question of whether the assumption itself was sound or not.

"Wrongs are divisible into two sorts or species: Private wrongs and public wrongs. The former are an infringement or privation of the private or civil rights belonging to individuals, considered as individuals, and are thereupon frequently termed civil injuries; the latter are a breach and violation of public rights and duties, which affect the whole community, considered as a community, and are distinguished by the harsher appellation of crimes and misdemeanors." 3 Bl. Com. 2.

And as illustrative of the kind of wrongs that are "public wrongs" the Supreme Court of the United States, in Wisconsin v. Pelican Ins. Co., supra, held that a so-called civil suit brought by the State of Wisconsin to collect a judgment rendered in one of its own courts against an insurance company on account of penalties imposed by the statute for the violation of the laws of the state, was not of a civil nature; and, in Boyd v. U. S., 116 U. S. 616, 6 Sup. Ct. 524, 29 L. Ed. 746, that a government proceeding in rem to enforce a forfeiture for a violation of the revenue law, and therefore in civil form, was in fact a criminal prosecution; and in U. S. v. Choteau, supra, that under a law providing that for a violation of its provisions a holder should pay a penalty of double the tax imposed, the recovery by prosecution for the penalty was in the nature of a criminal prosecution; and in Lees v. U. S., 150 U. S. 476, 14 Sup. Ct. 163, 37 L. Ed. 1150, that under an act providing that for a violation of the immigration laws,

the offender shall forfeit the sum of one thousand dollars, "to be sued for and recovered by the United States, or by any person who shall first bring his action therefor," the prosecution is in its nature criminal. To like effect is U. S. v. Burdett, 9 Pet. 682, 9 L. Ed. 273; Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123; U. S. v. Shapleigh (Circuit Court of Appeals, Eighth Circuit) 54 Fed. 126, 4 C. C. A. 237; and U. S. v. I. C. R. R. Co. (D. C.) 156 Fed. 182— the latter being a decision directly upon whether an action brought like the one before us under the Safety Appliance Act, was a criminal prosecution.

These decisions would seem to settle by authority, the question, in the United States Courts, notwithstanding some adverse decisions in the State Courts, such as Proctor & Lohman v. People, 24 Ill. App. 599; State of Missouri ex rel. v. Kansas City, Ft. Scott & Memphis R. R. Co., 70 Mo. App. 634; Hitchcock v. Munger, 15 N. H. 97; and People of New York v. Wm. E. Briggs et al., 114 N. Y. 56, 20 N. E. 820.

Indeed, apart from authority, but upon principle, we do not see how any other conclusion can be reached. Though the Safety Appliance Law is primarily in the interest of employees in interstate commerce, its protection is not limited to them, but extends to all persons who without fault are injured in person or property by reason of the railroad's failure to provide the statutory safeguards. The penalty recovered is not money coming to the government as something that is its own; nor money a part of which is the government's own, as in the violation of Revenue Statutes (and even here the proceeding is held to be in the nature of a criminal prosecution); nor money coming to the government in the exercise of its power, patriæ parens, for the protection of a class; but is the punishment that the government, in its capacity as protector of society, inflicts upon the carrier who has violated the protective measures thus provided—the fine collected going into the treasury of the government simply because it must go somewhere, and, as in other criminal cases, there is no other appropriate place to direct it.

The judgment of the District Court is reversed with instructions to grant a new trial, and proceed further in accordance with this opinion.