**UNITED STATES of America, Libelant,**

v.

**ONE SOLID GOLD OBJECT IN FORM OF A ROOSTER, Libelee.**

**Civ. No. 1502.**

United States District Court
D. Nevada.

Feb. 21, 1961.

Howard W. Babcock, U. S. Atty., and Chester C. Swobe, Asst. U. S. Atty., Reno, Nev., for libelant.

Paul D. Laxalt, Carson City, Nev., for claimant, Richard L. Graves.

HALBERT, District Judge.

This is the action which was the subject of the memorandum and order reported at D.C., 186 F.Supp. 526. At a pretrial conference, the parties raised two pertinent issues of law. A ruling on each of these issues will greatly facilitate the trial of this case. The parties have made known to me their positions on these matters both by briefs and by oral argument. After a full consideration of these issues, I am now prepared to rule on each.

Issue No. I

■■ *Must the Government show a specific intent on the part of claimant to violate the Gold Reserve Act of 1934 (Title 31 U.S.C.A. §§ 441-446) before it can obtain a decree of forfeiture?*

The statutory provisions by which this action must be governed are plain. Title 31 U.S.C.A. § 443, insofar as here applicable, reads:

"Any gold withheld, acquired, * * * or held in custody, in violation of [enumerated statutes and regulations] * * * shall be forfeited to the United States, and may be seized and condemned by like proceedings as those provided by law for the forfeiture, seizure, and condemnation of property imported into the United States contrary to law * * *."

Following the statutory direction, we find that under the law dealing with the condemnation of goods imported into the United States contrary to law the Secretary of the Treasury *may* remit or mitigate any fine, penalty or forfeiture *upon such terms as he considers just and reasonable,* if *he* finds the claimant to have been free of willful negligence, or intention to violate the law, or to defraud the Government (Title 19 U.S.C.A. § 1618). Provision is made for the taking of testimony to establish the facts pertinent to any petition for remission or mitigation under this statute. In my opinion the only duty of this Court is to determine whether or not libelee was held in violation of the Gold Reserve Act of 1934 (hereinafter referred to as the Act). If it should be decided that libelee was held in violation of the Act, it may well then be the duty of the Secretary of the Treasury to decide whether the claimant was a willful or intentional violator. I am of the definite opinion that that question is not for this Court to consider.

My interpretation of the Act is bolstered by the authority of Farber v. United States, 9 Cir., 114 F.2d 5; United States v. Levy, 2 Cir., 137 F.2d 778; and United States v. Chabot, 2 Cir., 193 F.2d 287. The construction of Title 31 U.S.C.A. § 443 may not have been necessary to the decisions just cited, but they represent considered *dicta* on this issue, at the very least. I am especially impressed by the considered *dictum* of the Court of Appeals for the Ninth Circuit in Farber v. United States, supra.

I am well aware of the case of United States v. 98 $20 Gold Coins, D.C., 20 F. Supp. 354. The portion of the decision in that case which might be considered pertinent here is something less than *dictum.* The Court there seems to concede, for the sake of argument, that intent to violate the Act must be proved, and then sets about to resolve the issue by pointing out that it *had* in fact been proved. No considered statutory analysis supported the proposition that intent to violate the Act must be proved. The Court rested the conclusion reached on the sole ground that the provisions of the Act were highly penal. But even if we concede that the Act *is* highly penal, what then? One of the oldest and best known maxims of the law is that ignorance of a penal law is no excuse for its violation (Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244).

Takoma Park Bank v. Abbott, 179 Md. 249, 19 A.2d 169, cited to me by claimant, is a decision holding that it was no defense to a suit on safety deposit insurance to allege that gold certificates which were the subject of the action were held in violation of the Act. That decision, insofar as here pertinent, rests on an uncritical acceptance of the insubstantial dictum in United States v. 98 $20 Gold Coins, supra. Actually, there can be no quarrel with the *holding* of the Court in the Takoma Park Bank case, for the Secretary of the Treasury might well have remitted the forfeiture. Moreover, there were other independent grounds for that decision. The case certainly does not impress me as being controlling in this case now before me.

In view of what has been said above, I will rule on this issue as follows:

*The Government need not show a specific intent on the part of claimant to*

violate the Gold Reserve Act of 1934 in order to obtain a decree of forfeiture.

This ruling will become a part of the pre-trial order in this case.

### Issue No. II

 *Must the Government prove its case beyond a reasonable doubt before it can obtain a decree of forfeiture?*

A forfeiture case, such as this one, is a civil, not a criminal case, and the degree of proof is the same as in all other civil cases, that is, the Government must prove its case by a preponderance of the evidence (United States v. Regan, 232 U.S. 37, 34 S.Ct. 213, 58 L.Ed. 494). Likewise, the claimant will be obliged to establish any defensive or exculpatory facts, by a simple preponderance of the evidence (See: Title 19 U.S.C.A. § 1615; United States v. One 1953 Oldsmobile Sedan, D.C., 132 F.Supp. 14).

Claimant is to be commended for his frankness on this issue. After completing his research, he has conceded that the weight of authority supports the proposition that the Government need only establish its case by a preponderance of the evidence. The cases originally cited proved to be of no comfort to the claimant. The Brig Burdett, 9 Pet. 682, 34 U.S. 682, 9 L.Ed. 273, is superseded by United States v. Regan, supra. The Chiquita, D.C., 41 F.2d 842, affirmed 9 Cir., 44 F.2d 302, is not in point on this issue.

This is my ruling on this issue:

*The Government will not be required to prove its case beyond a reasonable doubt. In order to prevail in this case, the Government will have to establish, by a simple preponderance of the evidence, facts sufficient to show that libelee in the instant case was held in violation of Title 31 U.S.C.A. §§ 441–446. In order for claimant to prevail, insofar as any affirmative defense may be concerned, such defensive matter must be established by a like preponderance of the evidence.*

This ruling will become a part of the pre-trial order in this case.