UNITED STATES v. NEW YORK CENT. & H. R. R. CO.

(Circuit Court, W. D. New York. October 3, 1907.)

Nos. 174, 175, Law.

CARRIERS—INTERSTATE COMMERCE—STATUTE REGULATING CARRIAGE OF LIVE STOCK.

   Act June 29, 1906, c. 3594, 34 Stat. 607, prohibiting railroad companies transporting live stock on interstate shipments from keeping the same confined in cars continuously for more than 28 hours without unloading the same for feed, water, and rest, is to be strictly construed, and a railroad company, which receives live stock from a connecting carrier

after it has already been continuously confined in cars for more than 28 hours and allows several more hours to pass before unloading the same, is prima facie guilty of a violation of the statute.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 926–928.]

On Demurrer to Complaint.

Lyman M. Bass, U. S. Atty.

Hoyt & Spratt and Maurice C. Spratt, for defendant.

HAZEL, District Judge.   These actions were brought by the United States against the New York Central & Hudson River Railroad Company to recover penalties incurred under the provisions of chapter 3594 of 34 Stat. 607, passed June 29, 1906, to prevent cruelty to animals while in transit by common carriers from one state to a point in another state.   Section 1 provides:

"That no railroad * * * whose road forms any part of a line of road over which cattle, sheep, swine, or other animals shall be conveyed from one state * * * into or through another state * * * shall confine the same in cars, boats or vessels of any description for a period longer than twenty-eight consecutive hours without unloading the same in a humane manner into properly equipped pens for rest, water and feeding, for a period of at least five consecutive hours, unless prevented by storm or by other accidental or unavoidable causes which can not be anticipated or avoided by the exercise of due diligence and foresight:  Provided, that upon the written request of the owner or person in custody of that particular shipment, which written request shall be separate and apart from any printed bill of lading, or other railroad form, the time of confinement may be extended to thirty-six hours.   In estimating such confinement, the time consumed in loading and unloading shall not be considered, but the time during which the animals have been confined without such rest or water on connecting roads shall be included, it being the intent of this act to prohibit their continuous confinement beyond the period of twenty-eight hours, except upon the contingencies hereinbefore stated."

Section 2 in effect provides for feeding and watering of animals being conveyed by the owner or person having custody thereof by the railroad company in case the former omits so to do.   That the statute comes within the constitutional right of Congress is authoritatively settled, and such right is unquestioned.

The defendant has demurred to the complaint, claiming that the facts alleged do not constitute a cause of action.   The complaint substantially alleges that the Wabash Railroad Company conveyed certain horses from Peru, Ind., through the states of Ohio and Michigan, and thence through the province of Ontario, Canada, to the city of Buffalo, state of New York, where they were delivered to the defendant on the 4th day of Feburary, 1907, at about 2 o'clock in the early morning.   The defendant, a connecting carrier, then transported the animals on its line of railroad to its pens at East Buffalo for rest, watering, and feeding, where they arrived about four hours after they had been accepted by the defendant.   The animals admittedly were kept confined en route to East Buffalo without rest, food, and water for a period of 43 hours.   The defendant contends that when the period of 28 hours specified in the statute elapsed the first carrier had the manual possession of the horses, and therefore, upon the authori-

ty of United States v. Louisville & N. R. Co. (D. C.) 18 Fed. 480, such offending carrier only can be held liable for an infraction of the law. The United States attorney rejoins that, as the defendant accepted the shipment after the 28 hours had expired, and even though it forwarded the animals to its pens, it is nevertheless prima facie guilty of a violation of the statute under consideration. I am cited no authority by either side, and I have found none bearing upon the precise question involved, but I think that, as the horses were kept on cars by the defendant railroad company about three or four hours after the expiration of 28 consecutive hours before they were rested and fed, it is liable for negligence per se. The statute must be strictly construed. I think that the complaint sufficiently alleges a cause of action, and whether the defendant knowingly or willfully failed to meet the requirements of the statute is a question for submission to the jury.

The demurrer is overruled.