UNITED STATES v. LOUISVILLE & N. R. CO.

(District Court, S. D. Alabama.   April 9, 1908.)

1. RAILROADS—STATUTORY REGULATIONS—PENALTIES.

An action brought to recover the penalty provided for in the safety appliance act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]) is not a criminal case.

2. SAME—EVIDENCE—WEIGHT AND SUFFICIENCY.

The government need not prove its case beyond a reasonable doubt. It is sufficient if it furnishes clear and satisfactory evidence of all the necessary facts.

3. SAME—SAFETY APPLIANCES—AUTOMATIC COUPLERS.

The act requires that cars be equipped with couplers which can be automatically coupled, and which can be uncoupled without the necessity of a person going between the ends of the cars on that side which said person might be.

4. SAME.

The act applies to an empty car which is part of a train moving interstate traffic, as well as to a car which is itself moving such traffic.

(Syllabus by the Court.)

William H. Armbrecht, U. S. Atty., and Ulysses Butler, Sp. Asst. U. S. Atty.

Gregory L. Smith and Joel W. Goldsby, for defendant.

TOULMIN, District Judge (charging jury).   This is a case wherein the United States, who are the plaintiffs, sue the Louisville & Nashville Railroad Company, who is defendant, to recover certain penalties which the plaintiffs claim the defendant is liable for by reason of alleged violations of certain provisions of that law passed by the Congress of United States known as the "Safety Appliance Law" (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]). The law under which this suit is brought makes it unlawful for a common carrier, such as it is conceded the Louisville & Nashville Railroad Company is, to haul or permit to be hauled or used on its line any car used in moving interstate traffic not properly equipped with automatic couplers. The defendant pleads not guilty, and the issue is whether or not the defendant is guilty of these various charges, or of any one of them.

The question is, first, whether or not the cars in question, and involved in this case, were moved from Mobile, in this state, to any place in another state of the United States, or from a point outside of this state to Mobile, by the Louisville & Nashville Railroad Company, in a condition that was not such as is provided for by this law. The burden of proof rests upon the United States to satisfy you by clear and sufficient evidence that that fact existed. The United States are not required to prove their case beyond a reasonable doubt. This is not a criminal case. They are not required to satisfy you of the guilt of the defendant beyond a reasonable doubt, but they are to furnish clear and to you satisfactory evidence of all the facts necessary to make out their case. The law requires couplers at both ends of the cars that couple automatically by impact and couplers that may be uncoupled without the necessity of going between the cars. It is necessary, to

comply with the law, that the coupler shall be in operative condition; that is, in a condition to properly perform its functions. The law forbids the use of cars which could not be coupled together automatically by impact by means of the couplers actually used on the cars to be coupled, and the object of the law is to render it unnecessary for a person operating the couplers to go between the ends of the cars to uncouple them. The duty of providing such couplers is imposed upon every carrier engaged in interstate traffic and using on its line a car moving such traffic.

Now, if the United States have satisfied you by evidence, whether it be direct or circumstantial (for the evidence in the case is of both characters)—if all the evidence, I say, both direct and circumstantial, satisfies you that the cars mentioned in the complaint were parts of trains moving interstate traffic in February, 1907, the next question is, were those cars (I refer now to the freight cars spoken of as defectively equipped with couplers) equipped with couplers which were so defective as to be inoperative? As I understand the law, it imposes on the railroad company the duty to find the defects, if any exist, and that it must find them. There is no question of reasonable care and diligence to be exercised by the defendant involved in the case, and hence it is not a matter for your consideration. Indeed, I do not believe any such question is raised in the case. Now let us examine and consider the specific allegations and claims, as set forth and made in the complaint, which contains four counts. There are four separate causes of action alleged and claims made; each claim being for $100, aggregating therefore $400.

The first count is that the defendant hauled on its line of railroad one (its own) car No. 20475, used in the movement of interstate traffic and containing lumber consigned from a point without the state of Missouri to St. Louis, in said state, on or about February 18, 1907, and that defendant hauled said car with said traffic over its line from Mobile, in this state, in a northerly direction; that said car was out of repair and inoperative, in that the chain connecting the lock pin and lock block to the uncoupling lever was missing on the "B" end of the car, and that the car was not equipped with couplers coupling automatically · by impact and which could be uncoupled without the necessity of a man going between the ends of the cars. The witness explained what was meant by the "B" end, meaning the brake end. If you find from the evidence in the case that the allegations of this count of the complaint are established, then your verdict ought to be for the United States for the sum of $100; but, if you are not satisfied from the evidence that these allegations are established, then you ought to find a verdict for the defendant.

The second count is that the defendant hauled on its line of railroad one car, its own No. 25878, being one regularly used in the movement of interstate traffic, but at the particular time was empty, and that at the time said car was a part of a train carrying interstate traffic; that the coupling and uncoupling apparatus of said car was out of repair and inoperative, in that the chain connecting the lock pin or lock block to the uncoupling lever was missing on the "A" end of said

car, thus necessitating a man going between the ends of the cars to couple or uncouple them. Now, if you are reasonably satisfied from the evidence in this case that the United States have established the allegations of this count of the complaint, the substance of which I have just stated to you, then your verdict ought to be for the United States. If you are not so satisfied, then your verdict ought to be in favor of the defendant.

The third count of the complaint is somewhat different from the others—not in principle, but in the facts alleged. The allegations in this count are that the defendant used on its line of railroad a locomotive engine, L. & N. 519, to haul a car A. C. L. No. 22246, containing merchandise consigned from a point in Louisiana to a point in Florida; that on or about February 18, 1907, defendant used said locomotive engine to haul said car with said interstate traffic over its line of railroad when the air pump on said engine was inoperative, and when said engine was not equipped with a power driving-wheel brake and appliances for operating the train brake system. The law provides that it shall be unlawful for any common carrier engaged in interstate commerce by railroad to use on its line any locomotive engine in moving interstate traffic not equipped with a power driving-wheel brake and appliances for operating the train brake system. The court charges you that if you find from the evidence that the defendant used on its line of railroad said locomotive engine, and that it was hauling a car containing merchandise consigned from a point in Louisiana to a point in Florida, that it was moving interstate traffic, and if you further find from the evidence that said engine was not equipped with a power driving-wheel brake and appliances for operating the train brake system, then your verdict should be for the United States. If you are not satisfied from the evidence that the defendant was using a locomotive engine moving interstate traffic as alleged, or you are not satisfied that said engine was not equipped with a power driving-wheel brake and appliances for operating the train brake system, then in either case your verdict should be for the defendant under the third count of the complaint.

The fourth count alleges that defendant hauled on its line of railroad one car, its own No. 2452, said car being one regularly used in the movement of interstate traffic and which car was then and there part of a train carrying interstate traffic; that said line of railroad over which said car was hauled is a highway over which interstate traffic is being continually hauled from one state to another in the United States; that the coupling and uncoupling apparatus of the "B" end of said car was out of repair and inoperative, in that the bottom clevis to the chain connecting the lock pin or block to the uncoupling lever was missing on said end of said car, thus necessitating a man going between the ends of the cars to couple or uncouple them. Now, if you find from the evidence that the United States have established the facts alleged in this (fourth) count of the complaint, your verdict ought to be for the United States. If, however, the United States have not established by the evidence and to your reasonable satisfaction the

facts therein alleged, your verdict should be for the defendant under that count.

The sum and substance of the charge, then, is that if the United States have reasonably satisfied you by the evidence in this case that the cars in question were so defective, at the time alleged in the complaint, that they could not be automatically coupled or could not be uncoupled without the necessity of a person going between the ends of the cars on that side of them on which said person may be, then the United States would be entitled to your verdict as to the freight cars, or as to such of them as you may find were so defective, provided you further find that said cars were at the time moving interstate traffic, or parts of a train moving such traffic.

As to the locomotive engine, if the United States have reasonably satisfied you by the evidence that it was at the time alleged moving interstate traffic, and you further find from the evidence that it was not equipped with a power driving-wheel brake and appliances for operating the train brake system, then your verdict ought to be for the United States. If the United States have not reasonably satisfied you by the evidence that their claim against the defendant on their several causes of action set forth in their complaint has been established, then your verdict ought to be for the defendant; or, if you are not so satisfied as to any one of the said claims, then as to that particular claim your verdict ought to be for the defendant.

You are the sole judges of the weight and sufficiency of the evidence, and you will draw your own inferences, and conclusions from that evidence, both positive and circumstantial, as in your judgment you find legitimate and proper, aided as you have been by the arguments of learned counsel in the case.

If you find for the United States under every count of the complaint, your verdict should be rendered under each count, and the form would be: "We, the jury, find the defendant guilty under the first, second, third, and fourth counts of the complaint." If you find a verdict of guilty under some one or more of the counts, and not guilty under all, then the form of your verdict should be: "We, the jury, find the defendant guilty under (naming the counts specifically)."

If your verdict is for the defendant under all the counts, the form should be: "We, the jury, find the defendant not guilty." If your verdict is not guilty as to some, specify them, and guilty as to the other, as explained above. The verdict to be signed by one of your number as foreman.

Verdict in favor of the United States for $400.