UNITED STATES v. DENVER & R. G. R. CO.

(Circuit Court of Appeals, Eighth Circuit. August 22, 1908.)

No. 2,567.

RAILROADS — SAFETY APPLIANCE ACTS — PLEADING — COMPLAINT TO RECOVER PENALTY—NOT NECESSARY TO NEGATIVE EXCEPTION IN PROVISO OR EXERCISE OF REASONABLE CARE—IF ONE COUPLER BE INOPERATIVE AND THERE BE ACTUAL AND SUBSTANTIAL HAULING IN INTERSTATE TRAFFIC STATUTE IS VIOLATED.

A complaint under the safety appliance law of Congress to recover a penalty for hauling a car in moving interstate traffic in violation of section 2 (Acts March 2, 1893, c. 196, 27 Stat. 531, and April 1, 1896, c. 87, 29 Stat. 85 [U. S. Comp. St. 1901, p. 3174] amended by Act March 2, 1903, c. 976, 32 Stat. 943 [U. S. Comp. St. Supp. 1907, p. 885]), relating to automatic couplers, is not demurrable (a) because it fails to negative the matter of the exception created by the proviso to section 6 (27 Stat. 532 [U. S. Comp. St. 1901, p. 3175] amended by 32 Stat. 943 [U. S. Comp. St. Supp. 1907, p. 885]); or (b) because it only shows that one of the couplers was out of repair and inoperative, and that it was so because the uncoupling chain was "kinked"; or (c) because it fails to negative the exercise of reasonable care on the part of the railway company in maintaining the coupler in operative condition; or (d) because, although showing an actual and substantial hauling of the car in moving interstate traffic, it fails to specify how far the hauling was continued, or is silent in respect of any actual use of the defective coupler.

[Ed. Note.—Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

(Syllabus by the Court.)

In Error to the District Court of the United States for the District of Colorado.

Ralph Hartzell, Asst. U. S. Atty., Luther M. Walter, Special Asst. U. S. Atty. (Earl M. Cranston, U. S. Atty., on the brief).

Henry McAllister, Jr. (Joel F. Vaile and Elroy N. Clark, on the brief), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and PHILIPS, District Judge.

VAN DEVANTER, Circuit Judge. The matter here in controversy is the sufficiency of the complaint in a civil action to recover penalties under the safety appliance law of Congress. Act March 2, 1893, c. 196, 27 Stat. 531; Act April 1, 1896, c. 87, 29 Stat. 85 (U. S. Comp. St. 1901, p. 3174) amended by Act March 2, 1903, c. 976, 32 Stat. 943 (U. S. Comp. St. Supp. 1907, p. 885). There are four counts in the complaint, each charging a distinct hauling of a car in moving interstate traffic when one of the couplers with which it theretofore had been properly equipped was out of repair and inoperative. In the District Court all the counts were held insufficient upon demurrer. The particular reason for the ruling is not disclosed, but in support of it the defendant makes several objections to the

complaint. The first of these is that the plaintiff does not negative the matter of the exception created by the proviso to section 6 of the act of March 2, 1893, as amended by the act of April 1, 1896, which gives the right of action for the penalty. This objection must fail, because it is opposed to the settled rule that an exception created by a proviso or other distinct or substantive clause, whether in the same section or elsewhere, is defensive, and need not be negatived by one suing under the general clause. United States v. Cook, 17 Wall. 168, 21 L. Ed. 538; Ledbetter v. United States, 170 U. S. 606, 611, 18 Sup. Ct. 774, 42 L. Ed. 1162; Schlemmer v. Buffalo, etc., Co., 205 U. S. 1, 10, 27 Sup. Ct. 407, 51 L. Ed. 681; Smith v. United States, 85 C. C. A. 353, 157 Fed. 721, 727; Id., 208 U. S. 618, 28 Sup. Ct. 569, 52 L. Ed. ——. The second objection is that there is no allegation of any facts showing that the condition of the coupler was such as to make the hauling of the car unlawful. It is also untenable. The statute makes the hauling unlawful if the car be not equipped with "couplers coupling automatically by impact, and which can be uncoupled, without the necessity of men going between the ends of the cars," and the complaint, taking the second count as an illustration, alleges that the hauling occurred "when the coupling and uncoupling apparatus on the 'B' end of said car was out of repair and inoperative, the uncoupling chain being kinked on said end of said car, thus necessitating a man or men going between the ends of the cars to couple or uncouple them, and when said car was not equipped with couplers coupling automatically by impact, and which could be uncoupled, without the necessity of a man or men going between the ends of the cars." This allegation could be improved in point of directness, but it was evidently intended to mean, and we think it does mean, that the coupler on the "B" end of the car was out of repair, in that the uncoupling chain was kinked, and that, in consequence, that coupler was inoperative in that it would not couple automatically by impact, and could not be uncoupled, without the necessity of a man going between the ends of the cars. If that was so, one of the couplers with which the car was equipped did not meet the requirements of the statute. But it is said that in truth a coupling between such an inoperative coupler and an operative one can be automatically effected by impact, and an uncoupling thereof can also be effected, without the necessity of a man going between the ends of the cars, if he happens to be on that side of the track from which the lever of the operative coupler can be manipulated, or if he crosses to that side by going around, climbing over or crawling under the cars. That this is so has been shown in other cases which have been before this court (Morris v. Duluth, etc., Ry. Co., 47 C. C. A. 661, 108 Fed. 747; Gilbert v. Burlington, etc., Ry. Co., 63 C. C. A. 27, 128 Fed. 529), but, passing the question whether we can here take notice of the fact so asserted and shown, we cannot assent to the contention which is founded upon it, namely, that an inoperative coupler—that is, one which cannot be properly manipulated preparatory to effecting a coupling or an uncoupling, as the case may be, without a man going between the ends of the cars—is yet to be regarded as conforming to the statute, because another coupler capable of being so manipulated can be coupled therewith and uncoupled therefrom, without a man going between the cars, if he submits to whatever of incon-

venience or risk may be incident to getting at the lever of the operative coupler. An all-sufficient answer to this contention is that the statute in terms requires that every car to which it applies shall be equipped with "couplers" of a prescribed operative type, and the reasonable attainment of its manifest object renders it necessary that the coupler at each end of the car shall conform to this requirement. Johnson v. Southern Pacific Co., 196 U. S. 1, 25 Sup. Ct. 158, 49 L. Ed. 363; Chicago, etc., Co. v. Voelker, 65 C. C. A. 226, 129 Fed. 522, 70 L. R. A. 264.

The third objection is that there is no allegation of any failure on the part of the defendant to exercise reasonable care in maintaining the coupler in operative condition. It must also fail, because the duty which the statute imposes upon a railroad company, in that regard is not qualified by the common-law rule of reasonable care, but is absolute, as has been recently and authoritatively settled in St. Louis, Iron Mountain & Southern Ry. Co. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061. See, also, United States v. Atchison, Topeka & Santa Fé Ry. Co. (C. C. A.) 163 Fed. 517.

The last objection is that there is no sufficient allegation of a hauling of the car. It must share the fate of the others. The statute inhibits a hauling "in moving interstate traffic," and the complaint, taking the second count as an illustration, alleges that the defendant "hauled over its line of railroad one car, to wit, Pere Marquette 41,948, used in moving interstate traffic to wit, bullion consigned from Murray, in the state of Utah, to —— New York Harbor, in the state of New York," and "hauled said car, with said interstate traffic, over its line of railroad out of its yards at Minturn, in the state of Colorado, in an easterly direction, when" one of the couplers thereon was out of repair and inoperative, as before stated. The criticism made of this allegation is that it does not specify how far the hauling was continued, or its purpose, and is silent respecting any actual use of the defective coupler; but the answer to this is that the allegation does sufficiently show an actual and substantial hauling in moving interstate traffic, and that, this being so, it is immaterial, under the statute, how far the hauling was continued or whether there was any actual use of the defective coupler.

As the objections made to the complaint are untenable, and as none other is perceived by us, the judgment is reversed with a direction to overrule the demurrer and to take such further proceedings as may be agreeable to law.