## CHICAGO, B. & Q. RY. CO. v. UNITED STATES.

*(Circuit Court of Appeals, Eighth Circuit. April 24, 1909.)*

No. 2,787.

1. APPEAL AND ERROR (§ 866*)—REVIEW—DIRECTED VERDICT.

Where at the close of the evidence both parties request a directed verdict, but two questions are open for consideration in the appellate court: First, was there substantial evidence supporting the finding? and, second, did the court commit any error of law during the trial?

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3474, 3475; Dec. Dig. § 866.*]

2. RAILROADS (§ 254*)—SAFETY APPLIANCE ACTS—CONSTRUCTION.

The duty imposed on railroad companies by Safety Appliance Act March 2, 1893, c. 196, 27 Stat. 531, as amended by Act April 1, 1896, c. 87, 29 Stat. 85 (U. S. Comp. St. 1901, p. 3174), and Act March 2, 1903, c. 976, 32 Stat. 943 (U. S. Comp. St. Supp. 1907, p. 885), are absolute, and a company is not relieved from liability for the penalty for its violation by the exercise of reasonable care, nor because the violation was not intentional.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 254.*]

3. RAILROADS (§ 254*)—SAFETY APPLIANCE ACTS—CONSTRUCTION.

An action to recover the penalty is a civil and not criminal action.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 254.*]

In Error to the District Court of the United States for the District of Nebraska.

For opinion below, see 156 Fed. 180.

Charles J. Greene and Ralph W. Breckenridge, for plaintiff in error.

Phillip J. Doherty and Charles A. Goss (A. W. Lane and Luther M. Walter, on the brief), for defendant in error.

Before SANBORN and ADAMS, Circuit Judges, and RINER, District Judge.

ADAMS, Circuit Judge. Two suits were instituted by the United States to recover penalties for violating Safety Appliance Act of March 2, 1893, c. 196, 27 Stat. 531, as amended by the subsequent acts of April 1, 1896, c. 87, 29 Stat. 85 (U. S. Comp. St. 1901, p. 3174), and March 2, 1903, c. 976, 32 Stat. 943 (U. S. Comp. St. Supp. 1907, p. 885). Three separate violations are complained of in one suit and one in the other; but the two, having been consolidated for the purposes of a trial, will be treated as one suit with four counts.

The several counts charge the use in interstate traffic by the defendant railway company of four separate cars of insufficient coupling appliances or insufficient grabirons or handholds. They set forth all other facts essential to a cause of action in favor of the United States. After issue joined a trial was had, and, at the close of all the evidence, each side moved for a peremptory instruction in its favor. The court instructed for plaintiff, and a verdict was rendered accordingly. Due exceptions were preserved to this action, and the present writ of error challenges its correctness.

Both sides having requested an instructed verdict in their favor, under a familiar rule of practice, there are only two questions open for

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

consideration by us: First, was there substantial evidence supporting the finding? and, second, did the court commit any error of law during the trial? Empire State Cattle Co. v. Atchison, T. & S. F. Ry. Co., 147 Fed. 457, 459, 77 C. C. A. 601, and cases there cited. No claim is made under the latter head, so we are left to inquire solely as to whether the judgment below is supported by any substantial evidence. The cause is simplified by the concession of counsel for the railway company that there was evidence tending to prove the defective condition of each of the four cars as charged, and that they were all being used at the time stated in the several counts in hauling interstate commerce or as a part of a train containing other cars which were doing so.

The sole contention is that, notwithstanding this concession, inasmuch as it appears by the proof that defendant did not know its cars were out of repair and had no actual intention at the time to violate the law, but, on the contrary, had exercised reasonable care to keep them in repair by the usual inspections, it is not liable in this action. Learned counsel concede, what is undoubtedly true, that sustaining their contention involves a reversal of the doctrine unanimously declared by this court in United States v. Atchison, T. & S. F. Ry. Co. (C. C. A.) 163 Fed. 517, and United States v. Denver & Rio Grande R. R. Co. (C. C. A.) 163 Fed. 519, and a disregard of what they call the dictum of the Supreme Court in St. Louis & Iron Mountain Ry. Co. v. Taylor, 210 U. S. 281, 28 Sup. Ct. 616, 52 L. Ed. 1061; and they accordingly invite us to enter upon a reconsideration of the questions so decided.

It was held by us, and in our opinion it was necessarily held by the Supreme Court in the Taylor Case, that the duty of railroads under the statute in question is an absolute duty, and not one which is discharged by the exercise of reasonable care or diligence. Since those cases were decided, this court in the case of Chi., Mil. & St. P. Ry. Co. v. United States (C. C. A.) 165 Fed. 423, has again approved of their doctrine, and the Circuit Court of Appeals for the Fourth Circuit in the case of Atlantic Coast Line R. R. Co. v. United States (decided March 1, 1909) 168 Fed. 175, in considering this question, made a review of pertinent authorities, and particularly of the cases of this court as well as of the Taylor Case, and in an exhaustive opinion reached the same conclusion that we did.

The main ground for asking a reconsideration of our former rulings is presented in an argument drawn from the assumed criminal character of the proceeding against the railroads authorized by the safety appliance law. It is argued that no criminal offense can be committed when no injury has befallen any one, or when there is no intent to do the act constituting the offense, and that no such offense can be established by construction. Whether these positions are maintainable as abstract propositions of law or not, concerning which we express no opinion, they have no application to the present case. This is not a criminal case. It is a civil action in the nature of the action of debt to recover a penalty, which Congress in its wisdom saw fit to impose upon railroads to secure compliance with certain specified regulations made to promote the safety of passengers and freight carried

in interstate commerce and to protect employés engaged in that service. After making provisions for the automatic coupling devices and grab-iron and handholds, the statute enacts. that any common carrier making use of any car not equipped as required by the act "shall be liable to a penalty of one hundred dollars for each and every such violation, to be recovered in a suit or suits to be brought by the United States. * * *" Section 6 of the act of 1893. This is not the language employed in fixing punishments denounced for criminal offenses. The act made it unlawful for railroads to use cars not equipped as therein provided, and thereby imposed a duty upon railroad companies to equip cars accordingly. This was, by clear and unequivocal language of the lawmaker, made an absolute duty, not. dependable upon the exercise of diligence or. the existence of any wrong intent on the part of the railroad companies. Whether a defendant carrier knew its cars were out of order or not is immaterial. Its duty was to know they were in order and kept in order at all times. Cases supra. A breach of this duty, like the breach of most civil duties, naturally entailed a liability, and Congress fixed that liability not as a punishment for a criminal offense but as a civil consequence, so far as the government was concerned, of a failure to perform·the duty which in the opinion of Congress the public weal demanded should be performed by railroad companies.

Such, in effect, has been the ruling upon this statute in the following cases: United States v. Central of Georgia Ry. Co. (D. C.) 157 Fed. 893; United States v. Philadelphia & R. Ry. Co. (D. C.) 160 Fed. 696; United States v. Louisville & N. R. Co. (D. C.) 162 Fed. 185; United States v. Chicago Great Western Ry. Co. (D. C.) 162 Fed. 775; United States v. Louisville & N. R. Co. (C. C. A.) 167 Fed. 306; United States v. Illinois Central R. R. Co. (recently decided by the Circuit Court of Appeals for the Sixth Circuit) 170 Fed. 542.

In Fortune v. Incorporated Town of Wilburton, 73 C. C. A. 338, 142 Fed. 114, we had under consideration an action for violating an ordinance which subjected the offender to a fine and provided that the same might be enforced by imprisonment. We there held that the action for the fine was a civil action. Judge Hook, speaking for the court, said:

"The weight of authority is that such an action is civil in character and not criminal, even though, as in this case, payment of the penalty assessed is authorized to be enforced by the arrest and detention of the persons."

In the recent unreported case of New York Central & Hudson River Railroad Co. v. United States (decided by the Circuit Court of Appeals for the First Circuit) 165 Fed. 838, Judge Putnam, speaking for the court in an action to recover a penalty for violating Act June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918), known as the "Twenty-Eight Hour Law," after reviewing authorities, English and American, said:

"Therefore, in view of Atcheson v. Everitt, Cowp. 382, and other authorities cited, we must agree that, both in the United States, subject to the limitations we have stated, and in England, the present proceeding is held to be 'as much a civil action as an action .for money had and received,' using the language of Lord Mansfield. While, as we have said, certain guaranties of the Consti-

tution apply, none of them touch any of the questions involved which are raised by the plaintiff in error; and the rules of pleading and procedure and evidence for this suit are those which apply to an ordinary civil action for debt between private parties."

In United States v. B. & O. S. W. R. Co., 159 Fed. 33, 38, 39, 86 C. C. A. 223, the Circuit Court of Appeals for the Sixth Circuit had under consideration the same "Twenty-Eight Hour Law." The action was to recover a penalty, and the contention was made that it was criminal and not civil. The court, in an opinion on a motion for rehearing, disposed of that contention by saying:

"The petition in each case was for the recovery of a penalty, and the actions are in the similitude of the common-law action for debt, the form being simplified by the rules of Code pleading. * * * The action of debt has long been used, and regarded as the appropriate remedy for the collection of penalties prescribed for the violation of statutes. * * *"

The Supreme Court in Lilienthal's Tobacco v. United States, 97 U. S. 237, 265, 24 L. Ed. 901, in United States v. Zucker, 161 U. S. 475, 481, 16 Sup. Ct. 641, 40 L. Ed. 777, in Schick v. United States, 195 U. S. 65, 24 Sup. Ct. 826, 49 L. Ed. 99, and in Hepner v. United States (just decided) 213 U. S. 103, 29 Sup. Ct. 474, 53 L. Ed. ——, treating respectively of violations of the national revenue laws, of the customs administrative act, of the oleomargarine act of 1886, and of the act regulating the immigration of aliens, announced principles which, in our opinion, are consistent alone with the theory that this is a civil action. To the same effect, also, are the following cases: Hawloetz v. Kass (C. C.) 25 Fed. 765; The Good Templar (D. C.) 97 Fed. 651; City of Sparta v. Lewis, 91 Tenn. 370, 23 S. W. 182; Campbell v. Burns, 94 Me. 127, 46 Atl. 812; United States v. Brown, Fed. Cas. No. 14,662 (24 Fed. Cas. 1,248).

The exhaustive opinion of Judge Evans, in United States v. Illinois Cent. R. Co. (D. C.) 156 Fed. 182, to which our attention is called, in which the contrary conclusion was reached, has been carefully considered, but we are unable to give our assent to its conclusion.

For the reasons stated, and on the strength of the authorities cited, notwithstanding the able argument made to the contrary, we must adhere to the conclusions heretofore reached.

The judgment must be affirmed.