UNITED STATES v. WABASH R. CO.

(Circuit Court of Appeals, Eighth Circuit. October 25, 1910.)

No. 3,352.

*(Syllabus by the Court.)*

CARRIERS (§ 37*)—28-HOUR LAW—RECOVERY OF PENALTY OF ANOTHER CARRIER NO DEFENSE.

It is no defense to a charge that a railroad company or a common carrier in transporting animals has confined them knowingly and willfully more than 28 hours without unloading them, in violation of Act June 29, 1906, c. 3594, 34 Stat. 607 (U. S. Comp. St. Supp. 1907, p. 918; Supp. 1909,

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

p. 1178), that another carrier that participated in the transportation of the same shipment was also guilty of a violation of the statute and has forfeited and paid the penalty therefor.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 927; Dec. Dig. § 37.*]

In Error to the District Court of the United States for the Eastern District of Missouri.

Action by the United States against the Wabash Railroad Company to recover a penalty for a violation of the 28-hour law. Judgment for defendant, and the United States brings error. Reversed and remanded.

Truman P. Young, Asst. U. S. Atty. (Charles A. Houts, U. S. Atty. on the brief), for the United States.

James L. Minnis (Wells H. Blodgett and N. S. Brown, of counsel), for defendant in error.

Before SANBORN and VAN DEVANTER, Circuit Judges, and REED, District Judge.

SANBORN, Circuit Judge. Complaint is made because the court below overruled a demurrer to an answer which pleaded that the claim of the United States to recover of the Wabash Railroad Company the penalty denounced by the 28-hour law (Act June 29, 1906, c. 3594, 34 Stat. 607 [U. S. Comp. St. Supp. 1907, p. 918; Supp. 1909, p. 1178]), for knowingly and willfully confining cattle during their transportation 21 hours without unloading them for rest, water, and feeding when it knew that they had already been so confined 16 hours by its connecting carriers, was satisfied and barred by the fact that the United States had recovered and received a penalty from the St. Louis Merchants' Bridge Terminal Railway Company for its subsequent receipt from the defendant and confinement of these cattle about two hours while continuing their transportation from the terminus of the defendant's railroad in St. Louis to the national stockyards in Illinois. The case is conditioned by the material fact that the defendant received the cattle within the 28-hour period and confined them beyond that period, while the terminal company received them after that period had expired and confined them about 2 hours, but not beyond a second period of 28 hours. An immaterial fact in the case is that the shipper had requested that the time of confinement be extended to 36 hours. As the defendant received the cattle when they had been confined but 16 hours and kept them confined without unloading them until after the expiration of the 36 hours, this fact will not be further noticed, and the case will be treated as though the limit was 28 hours.

The argument in support of the answer is that the transportation, the offense, and the penalty are each single, that the action to recover the penalty is a civil action, and that but a single penalty can be recovered for a confinement of a single shipment of cattle beyond the 28 hours, and that, as the penalty for this confinement has been collected of the terminal company, the claim of the government for the violation of the law has been fully satisfied, and no cause of action

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

exists against the defendant. The briefs in this case contain much discussion of the question whether this is a civil or a criminal action. The majority of the court are of the opinion that it is a civil action on the authority of and for the reasons stated in the opinions in Chicago, Burlington & Quincy Railway Co. v. United States, 95 C. C. A. 642, 644, 645, 170 Fed. 556, 558, 559, Hepner v. United States, 213 U. S. 103, 29 Sup. Ct. 474, 53 L. Ed. 720, 27 L. R. A. (N. S.) 739, and United States v. Southern Pacific Co. (D. C.) 162 Fed. 412, and the cases there cited, while the writer is persuaded that while it is civil in form it is criminal in its nature on the authority of and for the reasons stated in United States v. Shapleigh, 4 C. C. A. 237, 241–245, 54 Fed. 126, 129–134, United States v. Illinois Central R. R. Co. (D. C.) 156 Fed. 182, and Atchison, Topeka & Santa Fé Ry. Co. v. United States, 96 C. C. A. 646, 648, 649, 172 Fed. 194, 196, 197, 27 L. R. A. (N. S.) 756, and the cases there cited.

But is the cause of action for the penalty single so that but one penalty can be recovered for the confinement of a single shipment beyond the 28 hours although several connecting carriers knowingly and willfully participated therein? The act of Congress reads:

Section 1:

"That no railroad * * * whose road forms any part of a line of road over which cattle * * * shall be conveyed * * * shall confine the same in cars for a period longer than twenty-eight consecutive hours without unloading the same. * * * In estimating such confinement * * * the time during which the animals have been confined without such rest, food or water on connecting roads shall be included, it being the intent of this act to prohibit their continuous confinement beyond the period of twenty-eight hours. * * *"

Section 3:

"That any railroad * * * who knowingly and willfully fails to comply with the provisions of the two preceding sections shall for every such failure be liable for and forfeit and pay a penalty of not less than one hundred nor more than five hundred dollars."

The defendant failed to comply with the first section of the act. It confined the cattle after a known confinement of 16 hours, 21 hours more, and thus violated the express prohibition of a confinement beyond 28 hours and the declared purpose of the act. The statute clearly declares that every railroad that thus fails to comply with the act shall forfeit and pay the penalty. It does not provide that all railroads that in transporting a single shipment fail to comply with the act shall forfeit and pay this penalty, nor does it provide that every such railroad shall forfeit and pay the penalty except when some other railroad that participated in the shipment had already paid it. It reads that every railroad that violates the prohibition shall forfeit and pay a penalty. The interpretation of this act for which counsel for the company contend would violate two familiar rules: When the language of a statute is unambiguous and its meaning is evident, it must be held to mean what it plainly expresses, and no room is left for construction. Swarts v. Siegel, 117 Fed. 13, 54 C. C. A. 399; Knox County v. Morton, 15 C. C. A. 671, 673, 68 Fed. 787, 789; Railroad Company v. Sage, 17 C. C. A. 558, 565, 71 Fed.

40, 47. Where the legislative department has created a right of action against a certain class of persons and made no exception, it is not the province of the courts to do so. Madden v. Lancaster County, 65 Fed. 188, 195, 12 C. C. A. 566, 573; Lafayette County v. Wonderly, 92 Fed. 313, 316, 34 C. C. A. 360, 363. Our conclusion is that it is no defense to a charge that a railroad company or a common carrier in transporting animals has confined them knowingly and willfully more than 28 hours without unloading them in violation of the act of June 29, 1906, that another carrier that participated in the transportation of the same shipment was also guilty of a violation of the statute and has forfeited and paid the penalty therefor.

It is unnecessary to a decision of this case to consider whether or not the terminal company, which confined these cattle 2 hours after they had been confined 36 hours, was guilty of any offense, and that question is dismissed. United States v. Union Stockyards Co. (C. C.) 162 Fed. 556, 561; United States v. Stockyards Terminal Railway Co., 178 Fed. 19, 24, 101 C. C. A. 147; United States v. Stockyards Terminal Railway Co. (C. C.) 172 Fed. 452; 25 Opinions of Attorneys General, 411; United States v. New York Central & H. R. R. Co. (C. C.) 156 Fed. 249; United States v. Northern Pacific Terminal Co. (United States Circuit Court, Oregon, December 21, 1909) 181 Fed. 879.

The judgment must be reversed, and the case must be remanded to the court below for further proceedings, and it is so ordered.