GALVESTON, H. & S. A. R. CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. December 20, 1910.)

No. 1,949.

RAILROADS (§ 254*)—SAFETY APPLIANCE STATUTES—ACTIONS FOR VIOLATION—DEFENSES.

The duty of railroads engaged in interstate commerce to comply with the statutes in regard to safety appliances is absolute, and in suits by the United States for penalties thereunder, where the failure to comply with the statutory requirements is clearly proved, no excuses are sufficient to constitute a defense, and it is not error for the court to direct a verdict for the plaintiff.

[Ed. Note.—For other cases, see Railroads, Dec. Dig. § 254.*

Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

In Error to the District Court of the United States for the Western District of Texas.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by the United States against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for the United States, and defendant brings error. Affirmed.

T. J. Beall, for plaintiff in error.
Chas. A. Boynton and P. J. Doherty, for the United States.

Before PARDEE and SHELBY, Circuit Judges.

PER CURIAM. The question is whether, on the evidence admitted in the case without objection, the trial judge erred in directing a verdict for the United States, thus taking away from the jury the right to pass upon the sufficiency of the excuses proved in the case.

That the duty of railroads engaged in interstate commerce to comply with statutes in regard to safety appliances is absolute, and in suits by the United States for penalties thereunder no excuses are sufficient, is held in Atlantic Coast Line R. Co. v. United States, 168 Fed. 175, 94 C. C. A. 35; United States v. Wabash R. Co. (7th Circuit) 182 Fed. 802; United States v. Denver & Rio Grande R. Co., 163 Fed. 519, 90 C. C. A. 329; United States v. Atchison, Topeka & Santa Fé R. Co., 163 Fed. 517, 90 C. C. A. 327; Chicago, Milwaukee & St. Paul R. Co. v. United States, 165 Fed. 423, 91 C. C. A. 373, 20 L. R. A. (N. S.) 473; United States v. Southern Pacific R. Co., 169 Fed. 407, 94 C. C. A. 629; Chicago, Burlington & Quincy R. Co. v. United States, 170 Fed. 556, 95 C. C. A. 642. And that was evidently the view of the learned trial judge.

On these adjudged cases, and in view of the construction given by Congress in the act of April 14, 1910, the judgment of the District Court is affirmed.