## CENTRAL VERMONT RY. CO. v. UNITED STATES.

### (Circuit Court of Appeals, First Circuit. May 13, 1913.)

### No. 1,017.

RAILROADS (§ 254*)—SAFETY APPLIANCE ACT—VIOLATION—"ANY CAR."

Safety Appliance Act March 2, 1893, c. 196, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174), forbidding any railroad company engaged in interstate commerce to haul "any car" not equipped with automatic coupling devices, so that it might be coupled by impact without necessity of a man's going between the cars, requires the coupling device on both ends of the cars to be in proper condition; and hence it was no defense to an action for violation of the act, in that the coupler on one end of the car was defective, that such coupler was coupled with an effective coupler on another car and could be opened by the lever on that car.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 764–772; Dec. Dig. § 254.*

For other definitions, see Words and Phrases, vol. 1, pp. 412–433; vol. 8, pp. 7575–7577.

Duty of railroad companies to furnish safe appliances, see note to Felton v. Bullard, 37 C. C. A. 8.]

In Error to the District Court of the United States for the District of Massachusetts; James M. Morton, Judge.

Action by the United States against the Central Vermont Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Harold S. Davis, of Boston, Mass. (Storey, Thorndike, Palmer & Dodge, of Boston, Mass., on the brief), for the plaintiff in error.

William H. Garland, Asst. U. S. Atty., of Boston, Mass. (Asa P. French, U. S. Atty., of Boston, Mass., on the brief), for the United States.

Before PUTNAM and DODGE, Circuit Judges, and ALDRICH, District Judge.

DODGE, Circuit Judge. The defendant railroad was charged with having hauled on its lines between Palmer, Mass., and New London, Conn., three cars not equipped as required by the Safety Appliance Act (Act March 2, 1893, c. 196, 27 Stat. 531 [U. S. Comp. St. 1901, p. 3174]).

There was uncontradicted evidence tending to show that although each of the cars was equipped with automatic couplers, the coupler on one end of each of them was not in good working order, but had the chain connecting its operating lever with the lockpin of the coupler broken. A coupler with the chain thus broken cannot be operated, so as to release the coupler of the adjoining car, without the necessity of going between the ends of the cars. Since the lockpin cannot be lifted by means of the lever, it is necessary to lift it by hand, and this involves going between the cars in order to reach it.

There was also uncontradicted evidence, however, that none of those couplers belonging to adjoining cars, with which the defective couplers interlocked as the train was made up, were also defective, and that

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

each of the cars having a defective coupler as above could therefore have been uncoupled from the car adjoining it at that end, by means of the lever belonging to the adjoining car. Uncoupling levers on the adjoining ends of two cars, it appeared, are customarily located upon opposite sides, and to get from the operating end of one of these levers to the operating end of the other it is necessary to go over, under, or around the train. And there was uncontradicted evidence for the defendant that it would be an easier method of uncoupling to do this than to go between the cars and raise the lockpin of the defective coupler by hand.

The District Court refused to rule that upon the evidence the plaintiff could not recover the penalties demanded under the act, or to rule that in order to recover them the plaintiff must prove it impossible to uncouple each car in question from the car to which it was coupled without the necessity of a man's going between the two cars, or to rule that if it was possible so to uncouple the two cars the act was not violated, even though one of the two coupled cars did not have an uncoupling lever in working order. The court charged the jury, in substance, that if they believed the testimony of the plaintiff's witnesses they should find in its favor. The jury having found for the plaintiff, the defendant has excepted to the above rulings and refusals.

We think the refusals and rulings were right. What the act forbids is the hauling of "any car" not equipped as the act requires. Each car, under the act, must have couplers which can be uncoupled without requiring men to go between the cars. If these requirements are not complied with in the case of a given car, the noncompliance cannot be excused by saying that some other car coupled to it at the time had couplers which did answer the requirements of the act. As was said by the Court of Appeals for the Seventh Circuit, in Wabash R. Co. v. U. S., 168 Fed. 1, 5, 93 C. C. A. 393, 397:

"Under the act each car is a unit, and must itself be completely equipped, so that trainmen may go about their work without charging their memories with differences between cars."

To the same effect are U. S. v. Denver, etc., R. Co., 163 Fed. 519, 90 C. C. A. 329, and Norfolk, etc., Ry. Co. v. U. S., 177 Fed 623, 101 C. C. A. 249, both Court of Appeals decisions. U. S. v. Montpelier, etc., R. Co., 175 Fed. 874, decided in the District Court for Vermont, related to an engine having no coupling lever, and its authority, if it decides anything to the contrary of the above, must yield to that of the Court of Appeals decisions above cited. We are unable, therefore, to sustain any of the exceptions.

The judgment of the District Court is affirmed, and the defendant in error recovers costs in this court.