## GIBSON CANNING CO. v. AMERICAN CAN CO.

### No. 278.

District Court, E. D. Illinois.

Sept. 26, 1932.

Gunn, Penwell & Lindley, of Danville, Ill., and Solon J. Carter, Matson Ross, McCord & Clifford, and Bachelder & Bachelder, all of Indianapolis, Ind., for plaintiff.

Acton, Acton & Baldwin, and Allen & Dalbey, all of Danville, Ill., for defendant.

LINDLEY, District Judge.

This is a demurrer to plaintiff's declaration upon the statute copied in the footnote,[1] upon the ground that the declaration is insufficient in that it does not negative the proviso of the statute. It is insisted that exceptions and provisos contained in the same section as the enacting provisions must be negatived in the declaration.

It has been asserted by reputable authority that exceptions and provisions do not stand upon the same basis. I shall not attempt to determine whether such is a correct statement of the law, but shall base my decision upon the assumption that they are of the same character, so far as pleading is concerned.

The precise question involved has been before the federal courts at various times. Thus, in an action to recover a penalty under the Safety Appliance Act (45 USCA § 1 et seq.), the United States Circuit Court of Appeals for the Eighth Circuit in U. S. v. Denver & R. G. R. Co., 163 F. 519, said: "The defendant makes several objections to the complaint. The first of these is that the plaintiff does not negative the matter of the exception created by the proviso to section 6 of the act of March 2, 1893, as amended by the act of April 1, 1896 [45 USCA § 6], which gives the right of action for the penalty. This objection must fail, because it is opposed to the settled rule that an exception created by a proviso or other distinct or substantive clause, whether in the same section or elsewhere, is defensive, and need not be negatived by one suing under the general clause."

In Jelke v. United States, 255 F. 264 at page 279, in discussing a similar situation, the Circuit Court of Appeals, Seventh Circuit, used this language: "The failure of the indictment to negative the exception found in section 16 of the Oleomargarine Act [26 USCA § 554], does not subject the indictment to demurrer. The correct rule is laid down in United States v. Denver & R. G. R. Co., 163 F. 519, 520, 90 C. C. A. 329, 330. * * * Indictments charging violation of the Oleomargarine Act but which did not negative any of the exceptions found in the act have been sustained."

The basis for such decisions is to be found in the language of the opinion of Justice Holmes in Schlemmer v. Buffalo, R. & P. R. Co., 205 U. S. 1, 8, 27 S. Ct. 407, 408, 51 L. Ed. 681, as follows: "The word 'provided' is used in our legislation for many other purposes beside that of expressing a condition. The only condition expressed by this clause is that four-wheeled cars shall be excepted from the requirements of the act. In substance it merely creates an exception, which has been said to be the general purpose of such clauses. Interstate Commerce Commission v. Baird, 194 U. S. 25, 36, 37, 48 L. Ed. 860, 865, 866, 24 S. Ct. 563. 'The general rule of law is, that a proviso carves special exceptions only out of the body of the act; and those who set up any such exception must establish it,' etc. Ryan v. Carter, 93 U. S. 78, 83, 23 L. Ed. 807, 809; United States v. Dickson, 15 Pet. 141, 165, 10 L. Ed.

---

[1] "It shall be unlawful for any person engaged in commerce, in the course of such commerce, either directly or indirectly to discriminate in price between different purchasers of commodities, which commodities are sold for use, consumption, or resale within the United States or any Territory thereof or the District of Columbia or any insular possession or other place under the jurisdiction of the United States, where the effect of such discrimination may be to substantially lessen competition or tend to create a monopoly in any line of commerce: Provided, That nothing herein contained shall prevent discrimination in price between purchasers of commodities on account of differences in the grade, quality, or quantity of the commodity sold, or that makes only due allowance for difference in the cost of selling or transportation, or discrimination in price in the same or different communities made in good faith to meet competition: And provided further, That nothing herein contained shall prevent persons engaged in selling goods, wares, or merchandise in commerce from selecting their own customers in bona fide transactions and not in restraint of trade." U. S. Ann. Code, title 15, § 13.

689, 698. The rule applied to construction is applied equally to the burden of proof in a case like this. United States v. Cook, 17 Wall. 168, 21 L. Ed. 538; Com. v. Hart, 11 Cush. [Mass.] 130, 134."

In U. S. v. Cook, 17 Wall. 168, 176, 21 L. Ed. 538, the court said: "Both branches of the rule are correctly stated in the case of Steel v. Smith, 1 B. & Ald. 93, 99, 106 Reprint 35, which was a suit for a penalty, and may perhaps be regarded as the leading case upon the subject. Separate opinions were given by the judges, but they were unanimous in the conclusion, which is stated as follows by the reporter: 'Where an act of Parliament in the enacting clause creates an offence and gives a penalty, and in the same section there follows a proviso containing an exemption which is not incorporated in the enacting clause by any words of reference, it is not necessary for the plaintiff in suing for the penalty to negative such proviso in his declaration.' All of the judges concurred in that view, and Bayley, J., remarked that where there is an exception so incorporated with the enacting clause that the one cannot be read without the other, there the exception must be negatived."

Following this doctrine, and applying it to specific cases are Grand Trunk Ry. Co. v. U. S., 229 F. 116 (C. C. A. 7); N. Y. Cent. & H. R. Co. v. U. S., 165 F. 833 (C. C. A. 1); U. S. v. Great Northern Ry. Co., 220 F. 630 (C. C. A. 8); Wallace v. U. S., 243 F. 300 (C. C. A. 7); Holbrook, Cabot & Rollins Corp. v. N. Y. (D. C.) 277 F. 840; Javierre v. Central Altagracia, 217 U. S. 502, 30 S. Ct. 598, 54 L. Ed. 859; U. S. v. Trinity, etc., Ry. Co. (C. C. A.) 211 F. 448, 453; Ryan v. Carter, 93 U. S. 78, 23 L. Ed. 807; U. S. v. Dickson, 15 Pet. 141, 10 L. Ed. 689; Basham Co. v. Lucas (D. C.) 21 F.(2d) 550; B. & O. R. R. Co. v. U. S. (C. C. A.) 242 F. 1; Ledbetter v. U. S., 170 U. S. 606, 18 S. Ct. 774, 42 L. Ed. 1162; Joplin Merc. Co. v. U. S. (C. C. A.) 213 F. 926, Ann. Cas. 1916C, 470; U. S. v. Atl. Coast Line (D. C.) 153 F. 918.

In Smith et al. v. United States (C. C. A.) 157 F. 721, 726, the court of which Justice Van Devanter was then a member used this language: "It is further objected that the indictment was insufficient because it did not exclude the accused from the operation of the exception found in the thirteenth amendment. It is said that the failure to aver that John Reed was not to be subjected to involuntary servitude as a punishment for a crime is fatal to the indictment. This also is unten-able. The ingredients of the offense were susceptible of accurate and clear description without regard to the exception; and they were so described. We cannot conceive of an unlawful and felonious conspiracy to deprive a convict sentenced to hard labor in the penitentiary of his constitutional right of freedom from involuntary servitude. The exception in question is defensive in its character, and, if the defendants fell within its protection, it was an easy matter for them to show it, and it was their duty to do so."

In American Can Co. v. Ladoga Canning Co., 44 F.(2d) 763, 768, the Circuit Court of Appeals for the Seventh Circuit, in dealing with a case similar to the one now before the court and discussing the burden of proof, said: "In disposing of this phase of the question, it might be added that the burden was on the defendant to establish its justification in view of plaintiff's showing that a price discrimination was given to Van Camp."

In view of the fact that the Conformity Act provides that the practice, pleadings, forms, and modes of proceeding in civil cases shall conform as near as may be to those existing in courts of record of the state within which the district court is held (U. S. Code Annotated, title 28, § 724), the assertion is made that, under the forms of pleadings and practice recognized in Illinois, provisos such as those now under consideration must be negatived. It should be observed that the language of the act is that conformity must be "as near as may." In other words, the section left to the federal courts "some degree of discretion in conforming entirely to the state procedure" and to reject, as Congress doubtless expected they would do, "any such subordinate provision in the state precedure, as would unwisely encumber the administration of the law, and tend to defeat the ends of justice in their tribunals." Manitowoc Malting Co. v. Feuchtwanger (D. C.) 196 F. 506; Hills & Co. v. Hoover, 220 U. S. 329, 31 S. Ct. 402, 55 L. Ed. 485, Ann. Cas. 1912C, 562; Sligo Furnace Co. v. Dalton (C. C. A.) 255 F. 532.

The Supreme Court has held that it is not required by this section to follow a rule of practice of the state which directly conflicts with a well-settled rule prevailing in the federal courts. Mexican Cent. R. Co. v. Pinkney, 149 U. S. 194, 13 S. Ct. 859, 37 L. Ed. 699. Thus it has been held for many years that whatever may be the rule in the state court as to the necessity of negativing contributory negligence in actions brought for

personal injuries the federal courts have established firmly the rule that contributory negligence is a matter of defense. Central Vermont R. R. Co. v. White, 238 U. S. 507, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252.

The present action is largely penal in character and is grounded upon an act of Congress creating same. It is thus clearly within the decisions heretofore cited, wherein the federal court determined for itself the essentials of pleading at common law an action based upon a federal statute.

Furthermore, upon careful analysis, I am of the opinion that the law of Illinois upon this subject as announced in the leading case of Great Western R. R. Co. v. Hanks, 36 Ill. 281, is not in conflict with the rules of the federal court as stated herein. I conclude therefore that under the law as established in the federal courts generally it is not necessary to negative such a proviso as is contained in the statute sued upon. Therefore the demurrer is overruled.