UNITED STATES v. MONTPELIER & W. R. R. R.

(District Court, D. Vermont. January 26, 1910.)

No. 9.

RAILROADS (§ 254*)—SAFETY APPLIANCE ACT—VIOLATION—ACTION FOR PEN-
ALTY.

The use by a railroad company of a switch engine having no "uncoup-
ling levers" does not subject it to the penalty imposed by Act March 2,
1893, c. 196, § 2, 27 Stat. 531 (U. S. Comp. St. 1901, p. 3174), for using a
car "not equipped with couplers coupling automatically by impact and
which can be uncoupled without the necessity of men going between the
ends of the cars," in the absence of proof that such levers are necessary
to enable such engine to couple to cars by impact, and especially where it
is shown that it can be uncoupled without the necessity of going between
it and the car to which it is coupled.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 766; Dec. Dig.
§ 254.*]

Action by the United States against the Montpelier & Wells River
Railroad. Judgment for defendant.

Alexander Dunnett, U. S. Atty.

H. C. Shurtleff, for defendant.

MARTIN, District Judge. This action is brought by the United
States against the defendant to recover the penalty for the alleged
violation of the safety appliance act (Act March 2, 1893, c. 196, 27
Stat. 531 [U. S. Comp. St. 1901, p. 3174]), as subsequently amended.
The parties have waived a jury and submitted an agreed˙ statement of
facts as follows:

"The defendant used on its line of railroad one locomotive engine, to wit,
its own No. 3, to haul Grand Trunk car No. 27497 from the yards of the Cen-
tral Vermont Railway Company to the mill of E. W. Bailey & Co. in Mont-
pelier, Vt. Said hauling was done on April 22, 1908, after 11 a. m. Said car
contained corn which had previously been billed from Tiffin, Ontario, to said
E. W. Bailey & Co. at Montpelier, Vt., but said billing did not include any haul
over the line of the defendant or any part thereof, nor did the defendant get
any portion of the through freight charges on said corn from Tiffin to Mont-
pelier. Said car of corn arrived at the Central Vermont Railway yards in
Montpelier at 9:25 p. m., April 21, 1908. Early on the morning of April 22,
1908, one of the firm of said E. W. Bailey & Co. went to the Central Vermont
freight station, as was his custom, and got the waybills of some cars of
freight that had arrived the night before, including that of the car in ques-
tion. This was done before the defendant had· hauled the car. By arrange-
ment between the defendant and said E. W. Bailey & Co., said Bailey. & Co.
give to the defendant's yardmaster the numbers of such cars as they wish
placed at their mill from time to time, and the yardmaster places them ac-
cordingly, said Bailey & Co. paying the defendant their regular switching
charges therefor. On the day in question, April 22, 1908, said Bailey & Co.
gave defendant's yardmaster the number of the car in question, and said
yardmaster caused said car to be placed at the mill of said Bailey & Co., a
distance of about 50 rods over its track, using said locomotive engine No. 3,
which at that time had no uncoupling levers on it, but said car could be un-
coupled from said locomotive engine by means of the uncoupling lever on said
car without the necessity of any man going between said car and said loco-
motive engine. Defendant received their regular published switching charge

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to ·late, & Rep'r Indexes

for so hauling said car directly from said Bailey & Co., who employed it to haul their cars in manner above indicated. The defendant is a common carrier by railroad, shipping goods to points both within and without the state."

The statute provides that:

"It shall be unlawful for such common carrier to haul or permit to be hauled or used on its line any car used in moving interstate traffic not equipped with couplers coupling automatically by impact, and which can be uncoupled without the necessity of men going between the ends of the cars."

The burden of proof is cast upon the government. Every material fact must be proved by a fair balance of evidence to entitle the plaintiff to recover the penalty prescribed by law. The agreed statement of facts is that the locomotive engine used by the defendant had no uncoupling levers on it. No other shortage of statutory duty is claimed. The statute makes no provision as to "uncoupling levers." There is no evidence before the court that "uncoupling levers" are necessary. The statute simply provides that cars must be equipped for coupling automatically by impact, and for uncoupling without the necessity of men going between the ends of the cars. There is no evidence here that this engine could not couple to cars automatically by impact, and the evidence is that it could uncouple from the car used "without the necessity of any man going between the car and the engine." The object of this statute is to protect life and limb. The facts stated do not bring the case within either the letter or the spirit of the law.

Wherefore let there be judgment for the defendant.